# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ALLIED SYSTEMS HOLDINGS, INC., *et al.*,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 12-11564 (CSS) <br> (Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLIED SYSTEMS HOLDINGS, INC. and its affiliated debtors, <br><br> Plaintiff, <br><br> v. <br><br> YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., MARK J. GENDREGSKE, JOS OPDEWEEGH, JAMES FRANK, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK. <br><br> Defendants. | Adv. Proc. No. 13-50530 (CSS) <br><br> **Hearing Date**: February 27, 2013 at 9:30 a.m. (EST) <br> **Objection Deadline**: February 19, 2013 at 5:00 p.m. (EST) <br><br> **Related Docket No. 1** |

### MOTION FOR AUTHORIZATION TO SEAL PORTIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' COMPLAINT FOR (I) EQUITABLE SUBORDINATION, (II) RECHARACTERIZATION, (III) BREACH OF CONTRACT, (IV) SPECIFIC PERFORMANCE, (V) BREACHES OF FIDUCIARY DUTIES, (VI) AIDING AND ABETTING BREACHES OF FIDUCIARY DUTIES, (VII) AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS, AND (VIII) DISALLOWANCE OF CERTAIN CLAIMS

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (87568828); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases of Allied Systems Holdings, Inc. ("Allied"), Allied Systems, Ltd. (L.P.) ("Systems") and their U.S. and Canadian subsidiaries (collectively, the "Debtors" or the "Company"), by and through its undersigned counsel, respectfully submits this motion (the "Motion to Seal"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an Order authorizing it to file under seal redacted portions of *The Official Committee Of Unsecured Creditors' Complaint For (I) Equitable Subordination, (II) Recharacterization, (III) Breach Of Contract, (IV) Specific Performance, (V) Breaches Of Fiduciary Duties, (VI) Aiding And Abetting Breaches Of Fiduciary Duties, (VII) Avoidance And Recovery Of Avoidable Transfers, And (VIII) Disallowance Of Certain Claims* (D.I. 1) (the "Complaint"), which has been filed contemporaneously herewith. In support of this Motion to Seal, the Committee respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion to Seal under 28 U.S.C. §§ 147 and 1334. This is a core proceeding under 28 U.S.C. §§ 1408 and 1409(a). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b).

**BACKGROUND**

A.  **Procedural Background**

3.  On May 17, 2012 (the "Petition Date"), BDCM Opportunity Fund II, LP, Black Diamond CLO 2005-1 Ltd., and Spectrum Investment Partners, L.P. (collectively, the "Petitioning Creditors") filed involuntary chapter 11 petitions against Allied and Systems. On June 10, 2012, Allied and Systems consented to the entry of an order for relief and the other Debtors filed voluntary petitions for relief. On June 11, 2012, this Court entered an order authorizing the joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.  On June 20, 2012, the United States Trustee for the District of Delaware, pursuant to Section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these chapter 11 cases.

B.  **The Committee's Investigations and Related Confidentiality Agreements**

5.  The Committee has made informal document requests (collectively, the "Document Requests") on numerous parties, including the Debtors and Yucaipa American Alliance Fund I, L.P., Yucaipa American Alliance (Parallel) Fund I, L.P., Yucaipa American Alliance Fund II, L.P., Yucaipa American Alliance (Parallel) Fund II, L.P. (collectively, "Yucaipa"). In connection with the Document Requests, the Committee entered into certain confidentiality agreements (the "Confidentiality Agreements") with various producing parties (the "Producing Parties") to govern the production, review, and handling of the materials produced in response to the Document Requests.

3

6.  Under the Confidentiality Agreements, certain Producing Parties were entitled to designate the documents being produced as either "Confidential" or "Professional's Eyes Only" ("PEO"). In sum, the terms of the Confidentiality Agreements prevent the public disclosure of such materials absent either prior written consent of the Producing Party or an order of the Court de-designating the materials. During the course of the Committee's investigation, the Producing Parties designated portions (and, in some cases, all) of their respective document productions as "Confidential" or "PEO" under the applicable Confidentiality Agreements.[2] Thus, any pleadings containing information deemed "Confidential" or "PEO" by the Producing Parties must be filed under seal in accordance with the Confidentiality Agreements.

7.  Certain portions of the Complaint contain or otherwise refer to materials designated as "Confidential" or "PEO" by the Producing Parties. In light of the circumstances, the Committee will file a redacted version of the Complaint and respectfully requests permission to file the unredacted version of the Complaint under seal.

## RELIEF REQUESTED

8.  The Committee files this Motion to Seal requesting that the Court grant it permission to file under seal the unredacted version of the Complaint. Consistent with the provisions of the Confidentiality Agreements, unredacted copies of the Complaint will be provided to the Court, the Producing Parties, all Defendants (as defined in the Complaint) and such other parties agreed upon by and between the Producing Parties and the Committee.

---

[2] The Committee is not currently expressing a position as to whether the designation of such documents or information as Confidential or Professionals Eyes Only was appropriate, whether under the terms of the respective Confidentiality Agreements or under the governing law. In making this motion, the Committee does not intend to, and does not, waive any right it may have to seek removal of the designation of such information as Confidential or Professionals Eyes Only and reserves all rights to seek a re-classification of such information.

## BASIS FOR RELIEF REQUESTED

9. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b). Rule 9018 of the Bankruptcy Rules sets forth the procedures by which a party may move for relief under section 1107(b), providing that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

10. Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) ("When Congress addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information. This omission is particularly significant because FRCP 26(c), from which the language of § 107(b) appears to have been drawn, expressly required 'good cause' to be established before a discovery protective order could be granted . . . ."). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested

party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27 (emphasis in original). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Id.* Courts in this district have defined commercial information as "information which would result in an unfair advantage to competitors by providing them information as to the commercial operations of the [producing party]." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (internal quotation marks omitted).

11. Sufficient cause exists for the Court to grant the relief requested herein as certain allegations in the Complaint contain or otherwise refer to information deemed "Confidential" or "PEO" by certain Producing Parties under the applicable Confidentiality Agreements. While the Committee may not necessarily agree that the designated materials are indeed confidential or for "professional's eyes only," because they have been designated as such by the Producing Parties, the Committee has no choice at this point but to protect the information and file this Motion to Seal. Until such time as a determination is made as to the appropriateness of confidentiality designations by the Producing Parties, the Committee reserves all rights to challenge such designations.

12. For the reasons set forth above, the Committee submits that good cause exists for the Court to grant the relief requested herein and that approval of this Motion to Seal is necessary and appropriate.

## NOTICE

13. Notice of this Motion to Seal has been given to all counsel entitled to Notice in this adversary proceeding. In light of the nature of the relief requested, the Committee submits that no further or other notice is required.

## NO PRIOR REQUEST

14. No prior motion for relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests the Court enter an Order substantially in the form attached hereto as Exhibit A granting it authority to file redacted portions of the Complaint under seal, and granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
February 1, 2013

SULLIVAN • HAZELTINE • ALLINSON LLC

*/s/ William A. Hazeltine*

William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
901 N. Market St., Suite 1300
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-8195

**SIDLEY AUSTIN LLP**
Michael G. Burke
Nicholas K. Lagemann
Cameron Moxley
Dennis Kao
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

*Co- Counsel for The Official Committee of Unsecured Creditors*