IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 12-11564 (CSS) |
| ALLIED SYSTEMS HOLDINGS, INC. *et al.*,[1] ) | (Jointly Administered) |
| ) | |
| Debtors. ) | **Ref. No. 880, 912** |
| ALLIED SYSTEMS HOLDINGS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adversary Proceeding No. 12-50947 |
| ) | |
| AMERICAN MONEY MANAGEMENT CORP., ) | **Ref. No. 100, 108** |
| AVENUE CAPITAL GROUP, BDCM ) | |
| OPPORTUNITY FUND II, LP, BENNETT ) | |
| MANAGEMENT, BLACK DIAMOND CLO 2005- ) | |
| 1 LTD., DEL MAR DISTRESSED ) | |
| OPPORTUNITIES MASTER FUND, MJX ASSET ) | |
| MANAGEMENT, LLC, PAR-FOUR ) | |
| INVESTMENT MANAGEMENT, SPECTRUM ) | |
| INVESTMENT PARTNERS LP, TEAK HILL ) | |
| CREDIT CAPITAL INVESTMENTS, LLC, THE ) | |
| CIT GROUP BUSINESS CREDIT, INC., THE ) | |
| OFFICIAL COMMITTEE OF UNSECURED ) | |
| CREDITORS, YUCAIPA AMERICAN ) | |
| ALLIANCE FUND II, L.P. and YUCAIPA ) | |
| AMERICAN ALLIANCE (PARALLEL) ) | |
| FUND II, L.P. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., ) | |
| YUCAIPA AMERICAN ALLIANCE (PARALLEL) ) | |
| FUND I, L.P., YUCAIPA ) | |
| ALLIANCE FUND II, L.P. and YUCAIPA ) | |
| AMERICAN ALLIANCE (PARALLEL) ) | |
| FUND II, L.P., ) | |
| ) | |

---

[1] The Debtors in these cases, along with the federal tax identification number (business number where applicable) for each of the Debtors, are) Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta. LLC (45-5215545); Axis Canada Company (875688228); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services. Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems. LLC (45-4241751); Logistic Technology, LLC (45-4242057)) QAT, Inc. (59-2876863)) RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582).

{935.001-W0024890.}

|  |  |
|---|---|
| Counterclaim and Cross-Claim Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ALLIED SYSTEMS HOLDINGS, INC. Counterclaim Defendant, | ) |
|  | ) |
| AMERICAN MONEY MANAGEMENT CORP., AVENUE CAPITAL GROUP, BDCM OPPORTUNITY FUND II, LP, BENNETT MANAGEMENT, BLACK DIAMOND CLO 2005-1 LTD., DEL MAR DISTRESSED OPPORTUNITIES MASTER FUND, MJX ASSET MANAGEMENT, LLC, PAR-FOUR INVESTMENT MANAGEMENT, SPECTRUM INVESTMENT PARTNERS LP, TEAK HILL - CREDIT CAPITAL INVESTMENTS, LLC, THE CIT GROUP BUSINESS CREDIT, INC., THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS | ) |
|  | ) |
| Cross-Claim Defendants. | ) |

------

|  |  |
|---|---|
| BDCM Opportunity Fund II, LP, Black Diamond CLO 2005-1 Ltd., and Spectrum Investment Partners, L.P., | ) |
| Plaintiff(s), | ) |
| - against - | ) |
|  | ) Adversary Proceeding No. 13-50499 |
| Yucaipa American Alliance Fund, I, LP, Yucaipa American Alliance (Parallel) Fund I, L.P., Yucaipa American Alliance Fund, II, LP, Yucaipa American Alliance (Parallel) Fund II, L.P., Ronald Burkle, Derex Walker, Ira Tochner, Jeff Pelletier, Jos Opdeweegh, Joseph Tomczak, and Mark Gendregske, | ) Ref. No. 4, 15 |
| Defendants. | ) |

|  |  |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLIED SYSTEMS HOLDINGS, INC., and its affiliated debtors,<br><br>        Plaintiff,<br><br>    - against -<br><br>YUCAIPA AMERICAN ALLIANCE FUND, I, LP, YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND, II, LP, YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., MARK GENDREGSKE, JOS OPDEWEEGH, JAMES FRANK, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER AND JOSEPH TOMCZAK,<br><br>        Defendants. | Adversary Proceeding No. 13-50530<br><br>Ref. No. 15, 26 |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

1. Yucaipa American Alliance Fund I, L.P., Yucaipa American Alliance (Parallel) Fund I, L.P., Yucaipa American Alliance Fund II, L.P., and Yucaipa American Alliance (Parallel) Fund II, L.P. (collectively "Yucaipa") shall file their opposition to Petitioning Creditors' Motion to Dismiss the Amended Cross-Claim ("Motion to Dismiss") in its Entirety by February 13, 2013. Petitioning Creditors shall file their reply in support of the Motion to Dismiss by February 21, 2013.

2. Petitioning Creditors shall file their Standing Motion in the Chapter 11 case by February 8, 2013. Debtors, Yucaipa, Ronald Burkle ("Burkle"), Derex Walker ("Walker"), Ira Tochner ("Tochner"), Jeff Pelletier ("Pelletier"), Jos Opdeweegh ("Opdeweegh"), Joseph

Tomczak ("Tomczak), and Mark Gendregske ("Gendregske") shall file their oppositions to Petitioning Creditors' and the Unsecured Creditors Committee's (the "Committee") Standing Motions by February 19, 2013. Petitioning Creditors and the Committee shall file their replies by 4:00 PM on February 25, 2013.

3. The Court will hear oral argument on the Motion to Dismiss and the Standing Motions at 9:30 AM on February 27, 2013.

4. Yucaipa, Burkle, Walker, Tochner, Pelletier, Opdeweegh, and Tomczak shall file their Answers to Petitioning Creditors' Complaint and the Committee Complaint by February 11, 2013.

5. Gendregske shall file any motion to dismiss Petitioning Creditors' Complaint or the Committee Complaint ("Gendregske Dismissal Motion") by March 5, 2013, provided that standing to file ~~either or both of those Complaints~~ *the applicable Complaint(s)* has not been denied. Any opposition to the Gendregske Dismissal Motion shall be filed by March 12, 2013 and any reply to the Gendregske Dismissal Motion shall be filed by March 19, 2013. The Court shall hear oral argument on the Gendregske Dismissal Motion on March 22, 2013 at 10:00 a.m. (ET). With respect to any complaints for which standing has ~~been granted~~ *not been denied*, unless otherwise ordered, Gendregske shall file his answer to any complaint (or portion thereof) that survives motions to dismiss, if any, within three (3) business days after the Court enters an order denying (in whole or in part) the Gendregske Dismissal Motion.

6. Initial written discovery requests shall be served on February 20, 2013, and responses to initial written document requests shall be served on or before March 1, 2013. All responses to other initial written discovery (requests for admissions and interrogatories) shall be completed no later than March 22, 2013. Except for good cause shown, any additional written

document requests shall be served by June 15, with written responses thereto within ten (10) days of service and, except as otherwise provided herein, responsive production thereto completed within thirty (30) days of service of the request. The parties may serve other additional written discovery requests (requests for admissions and interrogatories) on or before June 21, 2013, and the receiving party shall respond to such additional discovery requests within thirty (30) days. Rolling document productions shall commence on March 1, 2013, and all document productions responsive to any document request made prior to March 15 shall be completed by April 15, 2013. Depositions of percipient witnesses may begin on May 15, 2013. All fact discovery shall be completed by July 22, 2013, without prejudice to Gendregske to request an extension of the fact discovery deadline.

7.   The parties shall designate any experts they expect to call at trial and provide expert reports thereof, other than purely rebuttal experts, by June 28, 2013. The parties shall designate any rebuttal experts and serve rebuttal expert reports by July 19, 2013. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B) as incorporated by Fed. R. Bankr. P. 7026. All expert discovery, including expert depositions, shall be completed, and discovery shall close, by August 5, 2013, without prejudice to Gendregske to request an extension of the expert discovery deadline and/or the close of discovery.

8.   No later than March 22, 2013, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

9.   No later than May 3, 2013, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

10. The parties shall file, no later than August 16, 2013, their Joint Pre-Trial memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Sontchi's Chambers.

11. The Court will hold a pre-trial conference at 10 AM on August 20, 2013. Trial will commence on August 22, 2013 and continue day to day through August 30, if necessary.

12. This Scheduling Order is entered without prejudice to any of Gendregske's rights to request severance, demand a jury trial, and/or move to withdraw the reference.

13. The dates set forth in this Scheduling Order may be amended upon Order of the Court; or upon written agreement of the Parties, without approval from the Court if the Court's calendar will not be affected, or with approval from the Court if the change(s) will affect the Court's calendar.

Dated: __February 20__, 2013
Wilmington, DE

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

{935.001-W0024890.}                              6