# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALLIED SYSTEMS HOLDINGS, INC., *et al.*,<br>          Debtors. | CHAPTER 11<br>Case No. 12-11564 (CSS)<br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLIED SYSTEMS HOLDINGS, INC. AND ITS AFFILIATED DEBTORS, ON BEHALF OF ALLIED SYSTEMS HOLDINGS, INC. AND ITS AFFILIATED DEBTORS,<br><br>          Plaintiffs,<br><br>BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., AND SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>          Intervenors,<br><br>– against –<br><br>YUCAIPA AMERICAN ALLIANCE FUND, I, LP YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND, II, LP, YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., MARK GENDREGSKE, JOS OPDEWEEGH, JAMES FRANK, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER AND JOSEPH TOMCZAK,<br><br>          Defendants. | Adv. Proc. No. 13-50530 (CSS)<br><br>**Re: D.I. 196** |

**MOTION OF DEFENDANT MARK GENDREGSKE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9023 AND FEDERAL RULE OF CIVIL PROCEDURE 59(E) TO AMEND THE ORDER DENYING MOTION TO COMPEL**

Pursuant to Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e), Defendant Mark Gendregske respectfully moves the Court to amend the order entered on June 4, 2013 [D.I. 196] (the "Order"), denying *Motion of Defendant Mark Gendregske to Compel Discovery Responses from Petitioning Creditors* [D.I. 165] ("Motion to

Compel"). In support of this Motion, Mr. Gendregske, through undersigned counsel, respectfully states:

1. On June 4, 2013, the Court heard oral argument on Mr. Gendregske's Motion to Compel. At the conclusion of argument, the Court denied the Motion to Compel. Also on June 4, 2013, the Court issued the Order denying the Motion to Compel. D.I. 196.

2. The Order includes statements (collectively, the "Statements") that (a) this is a core proceeding and (b) the Court has power to enter a final order.[1]

3. The issue of whether this is a core proceeding and whether the Court has power to enter a final order has been fully briefed and is awaiting a ruling by the Court.[2] Additionally, Mr. Gendregske has requested oral argument on his Motion for Non-Core Determination [D.I. 113] and Motion to Amend Motion to Dismiss [D.I. 121]. *See* D.I. 145.

4. For the reasons set forth in his prior briefs [D.I. 113, D.I. 121, D.I. 142 (attached hereto as **Exhibits B-D**)]—which are incorporated herein by reference—this is not a core proceeding and this Court does not have the authority to enter a final order on the claims asserted against Mr. Gendregske.

---

[1] The Order also includes a statement that this Court has jurisdiction over this matter. Mr. Gendregske hereby reserves his right to object to this Court's jurisdiction over this matter at the appropriate time after the District Court resolves the Motion to Withdraw the Reference.

[2] *See Motion of Defendant Mark Gendregske for Determination that the Claims Asserted Against Him Constitute Non-Core Proceedings* [D.I. 113] ("Motion for Non-Core Determination"); *Motion of Defendant Mark Gendregske Pursuant to Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(E) to Amend the Order Denying Motion to Dismiss* [D.I. 121]; *Response of the Official Committee of Unsecured Creditors and Intervenors to Defendant Mark Gendregske's Motions (I) for Determination that the Claims Asserted Against Him Constitute Non-Core Proceedings, and (II) to Amend the Motion to Dismiss* [D.I. 131]; *Combined Reply in Support of (I) Motion of Defendant Mark Gendregske for Determination that the Claims Asserted Against Him Constitute Non-Core Proceedings and (II) Motion of Defendant Mark Gendregske Pursuant to Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(E) to Amend the Order Denying Motion to Dismiss* [D.I. 142] ("Reply in Support of Motion for Non-Core Determination").

5. Mr. Gendregske thus objects to the Statements in the Order and asks the Court to issue an amended order substantially in the form of **Exhibit A** attached hereto.[3]

| | |
|---|---|
| Dated: June 7, 2013<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Ann C. Cordo (No. 4817)<br>William M. Alleman, Jr. (No. 5449)<br>1201 North Market Street<br>Wilmington, Delaware 19801<br>T: (302) 658-9200<br>F: (302) 658-3989<br><br>- and -<br><br>Justin Antonipillai (admitted *pro hac vice*)<br>Ian S. Hoffman (admitted *pro hac vice*)<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, NW<br>Washington, D.C. 20004-1206<br>T: (202) 942-5000<br>F: (202) 942-5999<br>justin.antonipillai@aporter.com<br>ian.hoffman@aporter.com<br><br>*Counsel for Defendant Mark Gendregske* |

---

[3] Mr. Gendregske does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.