## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC Corporation, *et al.*[1], | Case No. 12-11564 (KBO) |
| Debtors. | (Jointly Administered) |
| | |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS | Adv. Proc. No. 13-50530 (KBO) |
| Plaintiff, | |
| BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P., | |
| Intervenors, | |
| v. | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE | |

---

[1]    The debtors in these cases ("Debtors"), along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58-0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90- 0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45-5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (38-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38-2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

FUND II, L.P., YUCAIPA AMERICAN ALLIANCE
(PARALLEL) FUND II, L.P., MARK
GENDREGSKE, JOS OPDEWEEGH, JAMES
FRANK, DEREX WALKER, JEFF PELLETIER,
IRA TOCHNER, and JOSEPH TOMCZAK,

               Defendants.

CATHERINE E. YOUNGMAN, LITIGATION
TRUSTEE FOR ASHINC CORPORATION, ET AL.,
AS SUCCESSOR TO BLACK DIAMOND
OPPORTUNITY FUND II, LP, BLACK DIAMOND
CLO 2005-1 LTD., SPECTRUM INVESTMENT
PARTNERS, L.P., BLACK DIAMOND
COMMERCIAL FINANCE, L.L.C., as co-
administrative agent, and SPECTRUM
COMMERCIAL FINANCE LLC, as co-
administrative agent,

               Plaintiff,

v.

YUCAIPA AMERICAN ALLIANCE FUND I, L.P.,
YUCAIPA AMERICAN ALLIANCE (PARALLEL)
FUND I, L.P., YUCAIPA AMERICAN ALLIANCE
FUND II, L.P., YUCAIPA AMERICAN ALLIANCE
(PARALLEL) FUND II, L.P., RONALD BURKLE,
JOS OPDEWEEGH, DEREX WALKER, JEFF
PELLETIER, IRA TOCHNER, and JOSEPH
TOMCZAK,

               Defendants.

Adv. Pro. No. 14-50971 (KBO)

## JOINT PROCEDURAL HISTORY

Pursuant to the Court's invitation at the status conference on June 27, 2019, the Parties[2] respectfully submit this joint procedural history of the adversary proceedings pending before this Court—the "UCC Action" and the "BD/S Action" (each defined below)—as well as certain related litigation that is described below for purposes of context.[3]

## I.    Pre-Bankruptcy Litigation Regarding Validity of Fourth Amendment

**Georgia Action**.  On August 21, 2009, ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (together with its Debtor affiliates, "Allied") entered into a Fourth Amendment to its first lien Credit Agreement, permitting Yucaipa to purchase first lien debt without the restrictions imposed under the prior Third Amendment to the Credit Agreement.[4]  On the same date, Yucaipa acquired a majority of Allied's outstanding first lien debt issued under the Credit Agreement.  The Credit Agreement defines the "Requisite Lender" as the lender or lenders holding more than 50% of the aggregate outstanding first lien debt.

On November 13, 2009, Yucaipa and Allied filed an action against CIT Group/Business

---

[2]    The "Parties" are Defendants Yucaipa American Alliance Fund I, L.P., Yucaipa American Alliance (Parallel) Fund I L.P. (collectively, "Yucaipa"), Jos Opdeweegh, Derex Walker, Jeff Pelletier, Ira Tochner, Joseph Tomczak, Mark Gendregske, and Ronald Burkle (collectively, the "Individual Defendants" and, with Yucaipa, "Defendants"), along with Plaintiff Catherine E. Youngman as Litigation Trustee for the ASHINC Litigation Trust (the "Trustee").  In the BD/S Action (defined below), the parties stipulated to the dismissal of Yucaipa American Alliance Fund II, L.P. and Yucaipa American Alliance (Parallel) Fund II, L.P. (together, "Yucaipa II") without prejudice, because Yucaipa II asserts that it never held any Allied debt and is not a proper defendant in the above-captioned adversary proceedings.  (BD/S Action, Dkt. No. 60).  Yucaipa II asserts that it should similarly be dismissed from the UCC Action.

[3]    This document is a summary provided solely to assist the Court in understanding the procedural history related to these cases, is not intended to provide a comprehensive recitation of that procedural history, shall in no way constitute an admission, waiver, or consent, shall not be used in any way as evidence, and shall not otherwise prejudice the rights, claims, defenses, or arguments of the Parties in any way.

[4]    The "Credit Agreement" refers to the Amended and Restated First Lien Secured Super-Priority Debtor In Possession and Exit Credit and Guaranty Agreement, dated as of May 15, 2007.

1

Credit, Inc. ("CIT"), then the Administrative Agent under the Credit Agreement, in the Superior

Court of Fulton County, Georgia, seeking, among other things, declaratory relief that the Fourth

Amendment was valid and that Yucaipa was Requisite Lender due to its acquisition of a majority

of Allied first lien debt. *Allied Systems Holdings, Inc., et al. v. The CIT Group/Business Credit,*

*Inc.*, No. 2009CV177574 (Super. Ct. Fulton Cnty.) (the "Georgia Action").  CIT asserted

counterclaims alleging, among other things, that the Fourth Amendment was invalid and Yucaipa

was not the Requisite Lender.  The parties settled the Georgia Action on December 5, 2011.  In

connection with that settlement, CIT, acting on its own behalf and not in a representative

capacity, agreed that Yucaipa was the Requisite Lender, and Yucaipa agreed not to take "lender

actions" in that capacity absent the agreement of first lien lenders (other than Yucaipa) holding a

majority of the first lien debt.

**New York Action**.  Following settlement of the Georgia Action, three of Allied's first-

lien lenders, BDCM Opportunity Fund II, LP, Black Diamond CLO 2005-1 LTD (collectively,

"Black Diamond") and Spectrum Investment Partners LP ("Spectrum," and collectively with

Black Diamond, "BD/S"), filed an action in New York state court on January 18, 2012, seeking a

declaration that the Fourth Amendment was invalid and that Yucaipa was not the Requisite

Lender (the "New York Action").  The New York state court ruled from the bench on November

19, 2012, granting summary judgment in favor of BD/S, and a written decision followed on

March 8, 2013, finding that the Fourth Amendment was invalid because it was not passed with

unanimous consent from all Lenders, and therefore Yucaipa is not Requisite Lender.  *BDCM*

*Opportunity Fund II, LP v. Yucaipa Am. Alliance Fund I, LP*, No. 650150/2012, 2013 WL

1290394 at *4, *6 (Sup. Ct. N.Y. Cnty.).  The New York Supreme Court's Appellate Division

affirmed summary judgment to Spectrum and modified the Supreme Court's decision to deny

Black Diamond's motion, finding genuine disputes of material fact concerning Yucaipa's

defense that Black Diamond had waived its ability to challenge Yucaipa's status as requisite

lender. *BDCM Opportunity Fund II, LP v. Yucaipa Am. Alliance Fund I, LP*, 112 A.D.3d 509,

509-11 (1st Dep't 2013), *leave to appeal denied*, 22 N.Y.3d 1171 (2014).

## II.    Allied Bankruptcy Proceeding – Bankr. Del. 12-11564 (KBO)

On May 17, 2012, while the New York Action was pending, BD/S filed involuntary

Chapter 11 petitions against certain Allied entities.  On June 10, 2012, the Debtors either

consented to the entry of an order for relief on BD/S's involuntary petitions or filed voluntary

petitions for relief for the remaining Allied Debtor entities.  Three adversary proceedings

addressed below followed.

On December 27, 2013, substantially all of Allied's assets, excluding certain owned real

and personal property, were sold to Jack Cooper Holdings Corp. and certain of its affiliates.  On

December 9, 2015, this Court entered an order confirming a joint Chapter 11 Plan proposed by

Allied, the Official Committee of Unsecured Creditors ("UCC"), and BD/S entities then acting

as Agent under the Credit Agreement.  Case No. 12-11564, Dkt. No. 3383 (Bankr. D. Del.).

Pursuant to the Plan, the Trustee was substituted as plaintiff in the UCC Action and BD/S

Action.  Allied Systems Holdings, Inc. is still the named plaintiff in the Allied Action.

## III.    "Allied Action" – Bankr. Del. 12-50947 (KBO)

On October 18, 2012, while the New York Action was pending, Allied filed a verified

complaint against certain first lien lenders, including Yucaipa and BD/S, for a judicial

declaration regarding the validity and enforceability of the Third and Fourth Amendments to the

Credit Agreement, and to identify the Requisite Lender.  Allied Action, Dkt. No. 1.

Yucaipa filed counterclaims against Allied and cross-claims against certain first lien

3

lenders for declaratory judgment, later amending these claims. *Id.* at Dkt. No. 55 (Dec. 5, 2012); *id.* at Dkt. No. 65 (Jan. 5, 2013). Yucaipa's amended counterclaims and cross-claims sought declaratory and injunctive relief, as well as other rulings, prohibiting enforcement of certain provisions of the Third Amendment against Yucaipa. *Id.* at Dkt. No. 65. BD/S moved to dismiss the amended cross-claims. *Id.* at Dkt. Nos. 73, 74 (Jan. 25, 2013).

Judge Sontchi granted BD/S's motion in its entirety for the reasons set forth at the motion hearing. *Id.* at Dkt. No. 139 (Feb. 27, 2013). Judge Sontchi reasoned that the allegations in the cross-claims did not meet the *Iqbal* and *Twombly* pleading standard, and the cross-claims were barred by the statute of limitations, applying Delaware law. *Id.* at Dkt. No. 162 at pp. 108-09, 111–13 (Mar. 15, 2013). Yucaipa filed a Notice of Appeal with respect to the dismissal order. *Id.* at Dkt. No. 149. The District Court dismissed Yucaipa's appeal without prejudice pursuant to the parties' stipulation. Case No. 1:13-cv-00533-SLR, Dkt. No. 11 (D. Del. May 13, 2013).

On July 9, 2013, BD/S moved for summary judgment on the declaratory judgment claim in the Allied Action following the New York court's ruling that the Fourth Amendment was invalid and that Yucaipa is not the Requisite Lender. Allied Action, Dkt. Nos. 246, 247. Judge Sontchi granted BD/S's motion, concluding that BD/S "shall be deemed the Requisite Lenders" under the Credit Agreement, for the reasons set forth at the hearing. *Id.* at Dkt. No. 275 at p. 3 (Aug. 8, 2013).[5] The Court concluded that Yucaipa was collaterally estopped by the ruling in the New York Action from arguing the Fourth Amendment was valid, and found that Yucaipa is not the Requisite Lender based on application of the Third Amendment. *Id.* at Dkt. No. 271 at pp. 124:13–15, 127:7–12. The Court further found that none of Yucaipa's acquired first lien debt could be used to calculate Requisite Lender status. *Id.* at p. 127:3–20.

---

[5]    Judge Sontchi entered the same order in the UCC Action. *See infra* Section IV.

Yucaipa appealed the summary judgment order to the District Court. Case No. 1:13-cv-01580-SLR, Dkt. No. 1 (D. Del. Sept. 19, 2013). The District Court affirmed Judge Sontchi's grant of summary judgment in favor of BD/S. *See In re Allied Sys. Holdings, Inc.*, 556 B.R. 581 (D. Del. 2016). The District Court held, among other things, that the Third Amendment is valid, Yucaipa is not the Requisite Lender, and BD/S are the Requisite Lenders, but noted that the New York Appellate Division modified the Supreme Court's original opinion, holding that "there was a triable issue of fact as to whether Black Diamond waived the ability to challenge Yucaipa's status as Requisite Lender." *Id.* at 588 (citing *BDCM Opportunity Fund II*, 112 A.D.3d at 511).

Yucaipa appealed the District Court's ruling and the Third Circuit affirmed in an unpublished memorandum disposition in March 2017. *See In re ASHINC Corp.*, 683 F. App'x 131 (3d Cir. 2017). The Third Circuit concluded that (i) the Third Amendment was validly enacted, (ii) Yucaipa's First Lien Debt holdings should be excluded from calculating Requisite Lender status, (iii) BD/S are Requisite Lenders, and (iv) the Credit Agreement and Third Amendment are unambiguous. The Third Circuit subsequently denied Yucaipa's petition for panel rehearing.

The above-referenced motions or rulings did not address Yucaipa's extant counterclaims against Allied. On September 6, 2018, Yucaipa stipulated to dismissal of those counterclaims, allowing the Court to enter a final judgment in the Allied Action. Allied Action, Dkt. No. 316.

On September 7, 2018, the Bankruptcy Court entered final judgment dismissing Yucaipa's counterclaims against Allied and all other "remaining claims." *Id.* at Dkt. No. 317 at p. 3. On September 21, 2018, Yucaipa filed a Notice of Appeal with respect to the Bankruptcy Court's February 27, 2013, order granting BD/S's motion to dismiss Yucaipa's cross-claims. *Id.* at Dkt. No. 320. The appeal is pending in the District Court under Case No. 18-1467-CFC, but it

has been stayed by agreement of the parties pending mediation efforts.  That appeal and any

potential remanded proceedings are the sole remaining proceedings at issue in the Allied Action.

## IV.    "UCC Action" – Bankr. Del. 13-50530 (KBO)

On February 1, 2013, the UCC initiated an adversary proceeding against Yucaipa and the

Individual Defendants (other than Ron Burkle, who was never a director or employee of Allied).

UCC Action, Dkt. No. 1.  On March 14, 2013, the UCC filed an amended complaint for:

(1) equitable subordination; (2) recharacterization; (3) breach of contract; (4) specific

performance; (5) breach of fiduciary duties; (6) aiding and abetting breach of fiduciary duties;

(7) avoidance and recovery of avoidable transfers; and (8) disallowance of claims under

11 U.S.C. § 502(d).  *Id.* at Dkt. No. 76 (the "UCC Complaint").

On April 1, 2013, Yucaipa and the Individual Defendants, excluding Gendregske, filed

separate answers to the UCC Complaint, including affirmative defenses.  *Id.* at Dkt. Nos. 95, 96.

On March 21, 2013, Gendregske filed a motion to dismiss the claims against him—

breach of fiduciary duty and aiding and abetting breach of fiduciary duty.  *Id.* at Dkt. Nos. 81,

82.[6]  On April 8, 2013, Gendregske filed (i) a motion to withdraw the reference with respect to

the claims asserted against him, (ii) a motion for a determination that the claims against him are

non-core, and (iii) a demand for a jury trial.  *Id.* at Dkt. Nos. 111, 113, 114.

On April 9, 2013, Judge Sontchi denied the dismissal motion, and found that the claims

against Gendregske are core.  *Id.* at Dkt. No. 115.  Gendregske moved to amend this order to

remove any findings that the claims against him are core or that the Bankruptcy Court has the

power to enter a final order in connection with those claims.  *Id.* at Dkt. No. 121.

---

[6]    On the same date, BD/S were permitted to intervene as plaintiffs in the UCC Action.  Case No.
12-11564, Dkt. No. 1015 (Bankr. D. Del.).

On April 29, 2013, the UCC moved to strike Gendregske's jury demand. *Id.* at Dkt. No. 133. In a combined Opinion and Order, Judge Sontchi held that the claims asserted against Gendregske constitute non-core proceedings, denied the UCC's motion to strike Gendregske's jury demand, and granted Gendregske's motion to amend the Order denying the motion to dismiss. *Id.* at Dkt. Nos. 335, 336 (Jan. 28, 2015).

On April 9, 2015, the District Court granted Gendregske's motion to withdraw the reference. Case No. 13-cv-1010-SLR, Dkt. No. 17. Addressing a separate motion to withdraw the reference filed by Yucaipa and the Individual Defendants (except Gendregske) in the BD/S Action, *see infra* Section V, the District Court referred the claims against Gendregske "back to the bankruptcy court through the summary judgment motion practice." *Id.* at Dkt. No. 34.

In July 2013, BD/S filed in the UCC Action the same motion for summary judgment filed in the Allied Action with respect to the validity of the Fourth Amendment and Yucaipa's Requisite Lender status. UCC Action, Dkt. No. 253. Judge Sontchi granted BD/S's motion jointly with the order in the Allied Action; that summary judgment order was appealed and ultimately affirmed by the Third Circuit, as described above. *See supra* Section III.

The UCC Action and the BD/S Action are not formally consolidated, but discovery is coordinated, and this Court recently entered its scheduling order, applying to both actions.

## V.    **"BD/S Action" – Bankr. D. Del. 14-50971 (KBO)**

On November 19, 2014, BD/S initiated the BD/S Action against Yucaipa and all of the Individual Defendants, except for Gendgreske, for: (1) equitable subordination, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, and (4) tortious

interference with contract.  BD/S Action, Dkt. No. 1 (the "BD/S Complaint").[7]

On February 10, 2015, Defendants in the BD/S Action filed a motion to determine that

the equitable subordination cause of action is a core claim, while the remaining claims were non-

core claims over which the Bankruptcy Court lacks jurisdiction to enter final orders and

judgments.  *Id.* at Dkt. No. 9.  The Court granted the motion.  *Id.* at Dkt. No. 70 (May 18, 2015).

On February 19, 2015, Defendants in the BD/S Action filed an answer to the BD/S

Complaint with affirmative defenses, and a counterclaim against BD/S.  *Id.* at Dkt. No. 19.  The

counterclaim was brought by Yucaipa only, and asserted a claim for equitable subordination

alleging that BD/S conducted a fraudulent scheme targeting Yucaipa leading up to BD/S's

involuntary petitions commenced against Allied.  *Id.*  BD/S moved to dismiss.  *Id.* at Dkt. No. 41

(Mar. 18, 2015).  On August 21, 2015, Judge Sontchi granted BD/S's motion, finding the

allegations to be implausible, among other grounds.  *Id.* at Dkt. Nos. 82, 83.

On September 4, 2015, Yucaipa sought leave to appeal the Bankruptcy Court's

interlocutory dismissal order.  Case No. 1:15-MC-00232-UNA, Dkt. No. 1 (D. Del. Sept. 8,

2015).  The Defendants in the BD/S Action had also filed in the District Court a motion to

withdraw the reference with respect to all claims in the BD/S Action.  Case No. 1:15-cv-00256-

SLR, Dkt. No. 1 (D. Del. Mar. 24, 2015.  The District Court heard Yucaipa's motion for leave to

appeal the dismissal of its counterclaim, Yucaipa's motion for withdrawal of the reference, and

the prior decision withdrawing the reference with respect to the claims against Gendregske in the

UCC Action.  The District Court denied Yucaipa' motion for leave to appeal and motion to

---

[7]    BD/S had previously brought an adversary proceeding asserting claims against Yucaipa and the Individual Defendants, Case No. 13-50499, Dkt. No. 1 (Bankr. D. Del.), for which BD/S sought standing to pursue on behalf of the Debtors' estates.  Case No. 12-11564, Dkt. No. 876.  BD/S voluntarily dismissed this adversary proceeding when the Court granted the UCC standing to prosecute the UCC Action and permitted BD/S to intervene.  *Id.* at Dkt. No. 1015.

withdraw reference in a single order, finding that it makes "more sense to have the entire dispute resolved in the first instance by Judge Sontchi," but recognizing that some of the Bankruptcy Court's decision "will be in the form of proposed findings of fact and conclusions of law."  Case No. 1:15-mc-00256-SLR, Dkt. No. 19 (D. Del. Nov. 13, 2015).  The District Court also referred the claims against Gendregske in the UCC Action "back to the bankruptcy court through the summary judgment motion practice."  *Id.* at p. 3.  Yucaipa filed a motion to clarify the District Court's November 2015 order, seeking, among other things, clarification as to what proceedings and parties the District Court's multiple rulings applied to, and the timing for any renewed motions for summary judgment.  *Id.* at Dkt. No. 20.  The District Court denied Yucaipa' motion for clarification.  *Id.* at Dkt. No. 25.  The District Judge who entered these rulings, as well as the other District Court rulings referenced throughout this joint procedural history—Judge Sue Robinson—has since retired.

On July 22, 2016, the Defendants in the BD/S Action filed a motion to compel production of documents from BD/S.  BD/S Action, Dkt. No. 119.  On August 12, 2016, BD/S opposed the motion to compel, and in their opposition also moved to strike the Defendants' affirmative defenses of unclean hands, waiver, consent, estoppel, and laches.  *Id.* at Dkt. No. 136.

On January 18, 2017, the Bankruptcy Court entered a summary order denying Defendants' motion to compel and granting BD/S's motion to strike.  *Id.* at Dkt. No. 194.  The Defendants in the BD/S Action moved for leave to appeal the Order granting BD/S's motion to strike.  Case No. 1:17-mc-00040-UNA, Dkt. No. 1 (D. Del. Feb. 16, 2017).  The District Court denied the motion, reasoning that the Defendants had not established the criteria necessary to justify an interlocutory appeal and that Yucaipa was incorrect in asserting that the Bankruptcy Court relied on an impermissible legal standard for striking defenses.  *Id.* at Dkt. No. 6 (June 27,

2017).  Based on this posture, (a) Defendants' affirmative defenses in the BD/S Action for unclean hands, waiver, consent, estoppel, and laches are stricken, subject to any right to appeal the January 18, 2017, order, and (b) Defendants' remaining affirmative defenses stand.

## VI.    **SBDRE Action in Delaware Chancery Court**

In February 2014, Yucaipa filed an amended complaint in *Yucaipa American Alliance Fund I, LP v. SBDRE LLC*, C.A. 9151-VCP (Del. Ch.), against BD/S and SBDRE LLC (a vehicle formed to facilitate the acquisition of certain Allied real estate and equipment purchased with a credit bid in December 2013).  Defendants moved to dismiss.  On October 31, 2014, the Chancery Court granted in part, and denied in part, defendants' motion, and stayed the remaining claims pending completion of the adversary proceedings pending before this Court.

## VII.    **Related Litigation Between Yucaipa and BD/S**

**New York RICO Action**.  On February 6, 2015, Yucaipa filed a complaint in the District Court for the Southern District of New York against certain BD/S entities and individual employees asserting RICO claims, 18 U.S.C. §§ 1962(c) and (d), and claims for common law fraud and tortious interference with business relationships.  Case No. 1:15-cv-00916-DLC, Dkt. No. 1 (S.D.N.Y. Feb. 6, 2015).  On May 1, 2015, Yucaipa voluntarily dismissed this case without prejudice.  *Id.* at Dkt. No. 23.

**Delaware RICO Action**.  On May 8, 2015, Yucaipa filed a virtually identical complaint in the District of Delaware.  *Yucaipa v. Ehrlich*, Case No. 15-cv-373, Dkt. No. 1 (D. Del. May 8, 2015).  BD/S filed a motion to dismiss (*id.*, Dkt. Nos. 16, 17), which Judge Robinson granted on September 2, 2016.  (*Id.*, Dkt. No. 36).  The Third Circuit affirmed on November 15, 2017. *Yucaipa Am. All. Fund I, LP v. Ehrlich*, 716 F. App'x 73 (3d Cir. 2017).

Dated: July 25, 2019          YOUNG CONAWAY STARGATT & TAYLOR, LLP

By:     /s/ Michael S. Neiburg
        Michael R. Nestor (No. 3526)
        Michael S. Neiburg (No. 5275)
        1000 North King Street
        Wilmington, Delaware  19801
        Telephone:    (302) 571-6600
        Facsimile:     (302) 571-1253
        mnestor@ycst.com
        mneiburg@ycst.com

        -and-

        GIBSON, DUNN & CRUTCHER LLP
        Robert A. Klyman
        Maurice M. Suh
        Kahn Scolnick
        333 South Grand Avenue
        Los Angeles, CA  90071
        Telephone: (213) 229-7000
        RKlyman@gibsondunn.com
        MSuh@gibsondunn.com
        KScolnick@gibsondunn.com

        *Attorneys for Defendants Yucaipa American Alliance Fund
        I, L.P., Yucaipa American Alliance (Parallel) Fund I, L.P.,
        Yucaipa American Alliance Fund II, L.P., Yucaipa
        American Alliance (Parallel) Fund II, L.P., Ronald Burkle,
        Jos Opdeweegh, Derex Walker, Jeff Pelletier, Ira Tochner,
        and Joseph Tomczak*


Dated: July 25, 2019          FOX ROTHSCHILD LLP

By:     /s/ Seth A. Niederman
        Seth A. Niederman (DE Bar No. 4588)
        Citizens Bank Center
        919 N. Market Street, Suite 300
        Wilmington, DE 19801
        Tel.: (302) 654-7444
        Fax: (302) 656-8920
        sniederman@foxrothschild.com

        -and-

ZAIGER LLC
Jeffrey H. Zaiger
432 Park Avenue, Suite 19A
New York, NY 10022
Telephone: (917) 572-7701
jzaiger@zaigerllc.com

-and-

JOSEPH HAGE AARONSON LLC
Gregory P. Joseph
Douglas J. Pepe
Gila S. Singer
485 Lexington Avenue, 30th Floor
New York, NY 10017
Telephone: (212) 407-1200
gjoseph@jha.com


*Counsel for the Litigation Trustee
and Plan Administrator*

Dated: July 25, 2019          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:      /s/ Derek C. Abbott
         Derek C. Abbott (DE Bar No. 4588)
         Tamara K. Mann (DE Bar No. 5643)
         1201 N. Market Street, Suite 1600
         PO Box 1347
         Wilmington, DE 19801
         Tel.: (302) 658-9200
         Fax: (302) 658-3989
         dabbot@mnat.com

         -and-

         ARNOLD & PORTER
         KAYE SCHOLER LLP
         John Massaro
         Ian S. Hoffman
         601 Massachusetts Ave., NW
         Washington, DC 20001
         Telephone: (202) 942-5000
         Facsimile:  (202) 942-5999

         *Counsel for Mark Gendregske*

12