# Exhibit 148

**Page 1**

```
 1            UNITED STATES BANKRUPTCY COURT
                 DISTRICT OF DELAWARE
 2
 3
 4  IN RE: ASHINC CORPORATION, et al.,
 5         Debtor,
                        CASE NO. 12-11564(CSS)
 6                         CHAPTER 11
                        ADV. PROC. NO. 13-50530
 7                                        14-50971
 8  CATHERINE E. YOUNGMAN, Litigation Trustee for
    ASHINC CORP., et al.,
 9
           Plaintiff,
10
    v.
11
12
    YUCAIPA AMERICAN ALLIANCE FUND I, L.P., et al.,
13
           Defendant.
14       *    *    *    *    *    *    *    *
15      The videotaped deposition of HAZEN DEMPSTER
16  was taken before Patrick R. Miller, Alabama
17  Certified Court Reporter, No. 631, as
18  Commissioner, on Tuesday, April 23rd, 2019,
19  commencing at approximately 9:16 a.m., at the
20  Law Offices of Troutman Sanders, LLP, 600
21  Peachtree Street Northeast, Suite 3000, Atlanta,
22  Georgia, pursuant to the stipulations set forth
23  herein.
24  JOB NO. 10052909
25       *    *    *    *    *    *    *    *
```

**Page 2**

```
 1     *    *    *    *    *    *    *    *
 2               APPEARANCES
 3
 4  Representing the Plaintiff:
 5      MR. JEFFREY H. ZAIGER
        Attorney at Law
 6      Zaiger, LLC
        432 Park Avenue
 7      Suite 19A
        New York, New York  10022
 8      917.572.7701
        jzaiger@zaigerllc.com
 9
10
11
    Representing the Defendants, Save for
12  Mark Gendregske:
13
        MR. KAHN A. SCOLNICK
14      Attorney at Law
        Gibson, Dunn & Crutcher, LLP
15      333 South Grand Avenue
        Los Angeles, California  90071
16      213.229.7656
        kscolnick@gibsondunn.com
17
18
        MR. MICHAEL NEUMEISTER
19      Attorney at Law
        Gibson, Dunn & Crutcher, LLP
20      333 South Grand Avenue
        Los Angeles, California  90071
21      213.229.7006
        mneumeister@gibsondunn.com
22
23
24
25     *    *    *    *    *    *    *    *
```

**Page 3**

```
 1     *    *    *    *    *    *    *    *
 2           APPEARANCES (continued)
 3
 4      MR. ANDREW M. KASABIAN
        Attorney at Law
 5      Gibson, Dunn & Crutcher, LLP
        333 South Grand Avenue
 6      Los Angeles, California  90071
        213.229.7311
 7      akasabian@gibsondunn.com
 8
 9
10  Representing Defendant Mark Gendregske:
11      MR. IAN S. HOFFMAN
        Attorney at Law
12      Arnold, Porter, Kaye & Scholer, LLP
        601 Massachusetts Avenue Northwest
13      Washington, DC  20001
        202.942.6406
14      ian.hoffman@arnoldporter.com
15
        MR. RON GHATAN
16      Attorney at Law
        Arnold, Porter, Kaye & Scholer, LLP
17      601 Massachusetts Avenue Northwest
        Washington, DC  20001
18      202.942.5966
        ron.ghatan@arnoldporter.com
19
20
21
22
23
24
25     *    *    *    *    *    *    *    *
```

**Page 4**

```
 1     *    *    *    *    *    *    *    *
 2           APPEARANCES (continued)
 3
 4  Representing the Witness:
 5      MS. JAIME THERIOT
        Attorney at Law
 6      Troutman Sanders, LLP
        600 Peachtree Street Northeast
 7      Suite 3000
        Atlanta, Georgia  30308
 8      404.885.3534
        jaime.theriot@troutman.com
 9
10
11
12  Also Present:
13      MR. DEREX WALKER (Via Teleconference)
14      MS. CHRIS PARKMAN, Legal Videographer
15
16
17
18
19
20
21
22
23
24
25     *    *    *    *    *    *    *    *
```

**Hazen Dempster**

**In re ASHINC Corporation, et al.**

**Page 5**

```
 1        *    *    *    *    *    *    *    *
 2                 EXAMINATION INDEX
 3
   Hazen Dempster
 4        BY MR. HOFFMAN . . . . . . . . . . . . 16
          BY MR. SCOLNICK  . . . . . . . . . . .248
 5        BY MR. ZAIGER . . . . . . . . . . . . 261
          BY MR. HOFFMAN . . . . . . . . . . . .378
 6        BY MR. ZAIGER . . . . . . . . . . . . 390
          BY MR. HOFFMAN . . . . . . . . . . . .391
 7        BY MR. ZAIGER . . . . . . . . . . . . 393
 8
 9
10                  EXHIBIT INDEX
11                                           MARKED
   Exhibit
12 Exhibit 304   Notice of Subpoena to Testify at a     20
                 Deposition Directed to Troutman
13               Sanders, LLP
14 Exhibit 305   Biography of Hazen H. Dempster from    33
                 Troutman Sanders' website
15
   Exhibit 306   Biography of Bob W. Grout from         35
16               Troutman Sanders' website
17 Exhibit 307   Biography of Stephen E. Lewis from     37
                 Troutman Sanders' website
18
   Exhibit 308   Biography of J. Timothy Mast from      37
19               Troutman Sanders' website
20 Exhibit 309   E-mail exchange, Bates-stamped         64
                 AHS00134923 through AHS00134924
21
   Exhibit 284   Minutes of Meeting of the Board of     66
22               Directors of Allied Systems Holdings,
                 Inc., March 31, 2008, Bates-stamped
23               AHS00137527 through AHS00137533
                 (Previously marked for identification.)
24
25        *    *    *    *    *    *    *    *
```

**Page 6**

```
 1        *    *    *    *    *    *    *    *    *
 2              EXHIBIT INDEX (continued)
 3
 4 Exhibit 310   Minutes of Meeting of the Special      80
                 Committee of the Board of Directors
 5               of Allied Systems Holdings, Inc.,
                 April 1, 2008, Bates-stamped
 6               AHS00137536 through AHS00137538
 7 Exhibit 311   Minutes of Meeting of the Special      84
                 Committee of the Board of Directors
 8               of Allied Systems Holdings, Inc.,
                 April 2, 2008, Bates-stamped
 9               AHS00137539 through AHS00137540
10 Exhibit 312   Minutes of Meeting of the Special      89
                 Committee of the Board of Directors
11               of Allied Systems Holdings, Inc.,
                 April 3, 2008, Bates-stamped
12               CMTE-AP-00002140
13 Exhibit 313   Minutes of Meeting of the Special      91
                 Committee of the Board of Directors
14               of Allied Systems Holdings, Inc.,
                 April 5, 2008, Bates-stamped
15               AHS00137541 through AHS00137543
16 Exhibit 314   Minutes of Meeting of the Special      94
                 Committee of the Board of Directors
17               of Allied Systems Holdings, Inc.,
                 April 8, 2008, Bates-stamped
18               AHS00137544 through AHS00137545
19 Exhibit 315   Minutes of Meeting of the Special      97
                 Committee of the Board of Directors
20               of Allied Systems Holdings, Inc.,
                 April 13, 2008, Bates-stamped
21               AHS00137547 through AHS00137549
22 Exhibit 316   Minutes of Meeting of the Special     102
                 Committee of the Board of Directors
23               of Allied Systems Holdings, Inc.,
                 April 14, 2008, Bates-stamped
24               AHS00137550 through AHS00137552
25        *    *    *    *    *    *    *    *
```

**Page 7**

```
 1        *    *    *    *    *    *    *    *
 2              EXHIBIT INDEX (continued)
 3
 4
   Exhibit 317   Minutes of Meeting of the Special     108
 5               Committee of the Board of Directors
                 of Allied Systems Holdings, Inc.,
 6               April 15, 2008, Bates-stamped
                 AHS00137553 through AHS00137555
 7
   Exhibit 318   Minutes of Meeting of the Special     110
 8               Committee of the Board of Directors
                 of Allied Systems Holdings, Inc.,
 9               April 21, 2008, Bates-stamped
                 AHS00137558 through AHS00137560
10
   Exhibit 319   Minutes of Meeting of the Special     112
11               Committee of the Board of Directors
                 of Allied Systems Holdings, Inc.,
12               April 28, 2008, Bates-stamped
                 AHS00137561 through AHS00137563
13
   Exhibit 320   Summary of Terms and Conditions,      116
14               Bates-stamped Yucaipa045629 through
                 Yucaipa045634
15
   Exhibit 321   Resolutions For Meeting of Special    118
16               Committee of the Board of Directors
                 of Allied Systems Holdings, Inc.,
17               April 28, 2008, Bates-stamped
                 AHS00137502 through AHS00137506
18
   Exhibit 322   Minutes of Meeting of the Board of    124
19               Directors of Allied Systems Holdings,
                 Inc., April 29, 2008, Bates-stamped
20               AHS00137564 through AHS00137567
21 Exhibit 323   Resolutions For Meeting of the Board  129
                 of Directors of Allied Systems
22               Holdings, Inc., April 29, 2008,
                 Bates-stamped CMTE-AP-00002164
23               through CMTE-AP-00002169
24
25        *    *    *    *    *    *    *    *
```

**Page 8**

```
 1        *    *    *    *    *    *    *    *
 2              EXHIBIT INDEX (continued)
 3
   Exhibit 324   E-mail with attachment, Bates-        137
 4               stamped Yucaipa_LW00001429 through
                 Yucaipa_LW00001432
 5
   Exhibit 325   E-mail chain, Bates-stamped           142
 6               AHS00045590 through AHS00045593
 7 Exhibit 160   E-mail with attachment, Bates-        146
                 stamped AHS00089635 through
 8               AHS00089646
                 (Previously marked for identification.)
 9
   Exhibit 161   E-mail with attachment, Bates-        149
10               stamped YUCAIPA889456 through
                 YUCAIPA889459
11               (Previously marked for identification.)
12 Exhibit 326   E-mail with attachment, Bates-        155
                 stamped AHS00045557 through
13                AHS00045571
14 Exhibit 327   Minutes of Meeting of the Board of    157
                 Directors of Allied Systems Holdings
15               Inc., December 10, 2008,
                 Bates-stamped AHS00137568 through
16               AHS00137571
17 Exhibit 328   Resolutions of the Board of           172
                 Directors of Allied Systems Holdings,
18               Inc., December 10, 2008, Bates-stamped
                 CMTE-AP-00002226 through
19               CMTE-AP-00002228
20 Exhibit 329   Minutes of Meeting of the Special     175
                 Committee of the Board of Directors
21               of Allied Systems Holdings, Inc.,
                 December 10, 2008, Bates-stamped
22               AHS00137572 through AHS00137573
23 Exhibit 166   E-mail with attachment, Bates-        183
                 stamped AHS00128716 through
24               AHS00128717
                 (Previously marked for identification.)
25        *    *    *    *    *    *    *    *    *
```

**Hazen Dempster**                                          **In re ASHINC Corporation, et al.**

**Page 9**

1      *   *   *   *   *   *   *
2              EXHIBIT INDEX (continued)
3
4    Exhibit 330    Minutes of Meeting of the Board of    186
                    Directors of Allied Systems Holdings,
5                   Inc., January 24, 2009, Bates-stamped
                    Allied_12-11564_Committee_0011228
6                   through
                    Allied_12-11564_Committee_0011230
7
     Exhibit 331    Minutes of Meeting of the Special     189
8                   Committee of the Board of Directors
                    of Allied Systems Holdings, Inc.,
9                   January 24, 2009, Bates-stamped
                    AHS00137574 through AHS00137578
10
     Exhibit 332    Minutes of Meeting of the Special     195
11                  Committee of the Board of Directors
                    of Allied Systems Holdings, Inc.,
12                  January 26, 2009, Bates-stamped
                    AHS00137579 through AHS00137580
13
     Exhibit 291    Minutes of Meeting of the Board of    199
14                  Directors of Allied Systems Holdings,
                    Inc., January 26, 2009, Bates-stamped
15                  ALLIED000206 through ALLIED000207
                    (Previously marked for identification.)
16
     Exhibit 170    E-mail with attachment, Bates-        203
17                  stamped SPEC0014088 through
                    SPEC0014148
18                  (Previously marked for identification.)
19   Exhibit 333    E-mail chain, Bates-stamped           208
                    AHS00045285 through AHS00045286
20
     Exhibit 334    E-mail chain, Bates-stamped           209
21                  YUCAIPA698119 through YUCAIPA698121
22   Exhibit 292    Minutes of Meeting of the Board of    214
                    Directors of Allied Systems Holdings,
23                  Inc., March 6, 2009, Bates-stamped
                    AHS00137586 through AHS00137589
24                  (Previously marked for identification.)
25      *   *   *   *   *   *   *   *

**Page 10**

1      *   *   *   *   *   *   *   *
2              EXHIBIT INDEX (continued)
3
     Exhibit 335    Minutes of Meeting of the Special     221
4                   Committee of the Board of Directors
                    of Allied Systems Holdings, Inc.,
5                   March 6, 2009, Bates-stamped
                    AHS00137590
6
     Exhibit 336    E-mail chain, Bates-stamped           227
7                   AHS00093987 through AHS00093988
8    Exhibit 299    Minutes of Meeting of the Board of    229
                    Directors of Allied Systems Holdings,
9                   Inc., August 3, 2009, Bates-stamped
                    AHS00137591 through AHS00137593
10                  (Previously marked for identification.)
11   Exhibit 337    E-mail chain with attachment,         232
                    Bates-stamped AHS00136420 through
12                  AHS00136452
13   Exhibit 338    Resolutions For Meeting of the Board  234
                    of Directors of Allied Systems
14                  Holdings, Inc., Bates-stamped
                    CMTE-AP-00002198 through
15                  CMTE-AP-00002200
16   Exhibit 339    Legal opinion by Troutman Sanders in  238
                    connection with fourth amendment,
17                  Bates-stamped AHS00044732 through
                    AHS00044800
18
     Exhibit 340    E-mail with attachment, Bates-        241
19                  stamped AHS00093816 through
                    AHS00093831
20
     Exhibit 133    Amended and Restated First Lien       245
21                  Secured Super-Priority Debtor in
                    Possession and Exit Credit and
22                  Guaranty Agreement, Bates-stamped
                    Yucaipa071689 through Yucaipa071931
23                  (Previously marked for identification.)
24   Exhibit 341    E-mail chain, Bates-stamped           248
                    AHS00128800 through AHS00128802
25      *   *   *   *   *   *   *   *

**Page 11**

1      *   *   *   *   *   *   *   *
2              EXHIBIT INDEX (continued)
3
     Exhibit 342    E-mail chain, Bates-stamped           250
4                   AHS00045269 through AHS00045271
5    Exhibit 136    Amendment No. 3 to Credit Agreement   274
                    and Consent, Bates-stamped YUC0017307
6                   through YUC0017324
                    (Previously marked for identification.)
7
     Exhibit 343    Amendment No. 3 to Credit Agreement   277
8                   and Consent, Bates-stamped
                    AHS00064051 through AHS00064063
9
     Exhibit 344    Notice of Defaults, Notice of         281
10                  Expiration of Forbearance Period
                    Under the Forbearance Agreement and
11                  Reservation of Rights, Bates-stamped
                    AHS00029509 through AHS00029511
12
     Exhibit 168    E-mail exchange, Bates-stamped        308
13                  AHS00096381 through AHS00096382
                    (Previously marked for identification.)
14
     Exhibit 345    February 12, 2009 letter,             318
15                  Bates-stamped SPC0007971 through
                    SPC0007972
16
     Exhibit 346    E-mail chain with attachment,         320
17                  Bates-stamped AHS00095847 through
                    AHS00095851
18
     Exhibit 179    E-mail with attachment, Bates-        326
19                  stamped YCP-ALLIED-00003514 through
                    YCP-ALLIED-00003523
20                  (Previously marked for identification.)
21   Exhibit 347    E-mail, Bates-stamped                 332
                    Yucaipa_LW00010818 through
22                  Yucaipa_LW00010819
23   Exhibit 24     Loan Purchase Agreement,              340
                    Bates-stamped Yucaipa_LW00014740
24                  through Yucaipa_LW00014777
                    (Previously marked for identification.)
25      *   *   *   *   *   *   *   *

**Page 12**

1      *   *   *   *   *   *   *   *
2              EXHIBIT INDEX (continued)
3
4    Exhibit 26     Amendment No. 4 to Credit Agreement,  346
                    Bates-stamped YUCAIPA_DEP000017891
5                   through YUCAIPA_DEP000017905
                    (Previously marked for identification.)
6
     Exhibit 348    E-mail exchange, Bates-stamped        352
7                   YUCAIPA901995 through YUCAIPA901998
8    Exhibit 349    February 15, 2012 letter,             356
                    Bates-stamped YUCAIPA976484 through
9                   YUCAIPA976487
10   Exhibit 350    March 22, 2012 letter, Bates-stamped  362
                    YUCAIPA976488 through YUCAIPA976490
11
     Exhibit 351    E-mail chain with attachment          367
12
     Exhibit 352    E-mail chain, Bates-stamped           381
13                  AHS00136471 through AHS00136473
14   Exhibit 353    E-mail, Bates-stamped AHS00136419     384
15
16
17
18
19
20
21
22
23
24
25      *   *   *   *   *   *   *   *

**Hazen Dempster**                                    **In re ASHINC Corporation, et al.**

Page 57

1  agreement.
2      **Q.  And who did you negotiate the**
3  **credit agreement with when it was first created?**
4  **The lender -- a lender group?**
5      A.  Well, CIT was leading it.  I'm
6  trying to remember who the law firm was.  It was
7  a New York firm that we negotiated that with --
8      **Q.  I don't need the firm name**
9  **necessarily.  It was CIT, I guess, is what I was**
10 **asking about.**
11     A.  I don't know that CIT was the
12 one -- it was whoever was the arranger, and I
13 don't recall who the arranger was.  It may have
14 been Goldman.  I don't know --
15     **Q.  I was going to say, it was**
16 **possible it was Goldman Sachs?**
17     A.  It's possible it was Goldman,
18 yeah.
19     **Q.  One moment.**
20     A.  If somebody's got a copy, it
21 should be on the front page, who the arranger
22 was.
23     **Q.  So I'm ready to move on to another**
24 **topic.  If you need a short break, we can do it,**
25 **or we can keep pressing on.**

Page 58

1      A.  I'm fine.
2      **Q.  Okay.  Mr. Dempster, do you recall**
3  **that there was a time when Allied discussed**
4  **doing what is now referred to as a third**
5  **amendment to the first lien credit agreement?**
6      A.  Yes.
7      **Q.  And what do you recall was -- what**
8  **do you recall what the third amendment was?**
9      A.  The third amendment was an
10 amendment that primarily was entered into to
11 permit Yucaipa to purchase a couple -- some of
12 the -- a portion of the debt outstanding under
13 the term loan, and it placed a lot of
14 restrictions on what Yucaipa could do with it,
15 how much they could own, they couldn't vote it,
16 they couldn't attend lender meetings; it was
17 intended to -- to protect the integrity of the
18 lender group, I guess, since they were also the
19 equity holder.
20     **Q.  And do you --**
21     A.  And there was a corresponding
22 amendment to the second term loan, second lien.
23     **Q.  So there was a -- there was a,**
24 **what I'll call third amendment to the first and**
25 **second lien?**

Page 59

1      A.  Yeah, I don't think they were
2  numbered quite the same, but maybe a second
3  amendment to the second lien, but yeah, there
4  was a corresponding amendment to the second lien
5  that did not have quite as many restrictions.
6      **Q.  And do you recall why those**
7  **amendments were executed?  What brought them**
8  **about?**
9      MR. ZAIGER:  I'll just pause there
10     to the extent that this is going into
11     potentially privileged material, so
12     counsel has spoken at length about the
13     502(d) order that was entered in the
14     adversary proceeding 13-50530, Docket
15     251, which provides 502(d) protection,
16     no subject waiver with respect to a
17     definition of privileged materials.
18     So we are free to discuss it at this
19     deposition.  There is an open question
20     as to the designation of the
21     transcript.  We were going to
22     designate it now as confidential, but
23     it may need to be highly
24     confidential to the extent that's
25     possible -- or to the extent that we

Page 60

1      need to do that.  My understanding is
2      that Derex Walker of Yucaipa has
3      called in on the conference phone.
4      I'm not sure if he is permitted to
5      listen to highly confidential
6      materials under the protective order.
7      So we're going to analyze that, but
8      we've all discussed that.
9      MR. HOFFMAN:  I can also confirm
10     that my agreement that the -- to the
11     extent that any of Mr. Dempster's
12     answers reveal what would otherwise
13     have been privileged material, that it
14     is covered under the protective order
15     that Mr. Zaiger referenced as well.
16 BY MR. HOFFMAN:
17     **Q.  Okay.  So I believe my last**
18 **question is what -- what brought about the third**
19 **amendment?**
20     A.  Well, that's somewhat conjecture
21 on my part, because you have to understand that
22 I'm the lawyer.  I implement what I'm told, but
23 I don't necessarily know all the business
24 reasons behind something.  My understanding was
25 there was a desire to -- to gain some of the

**Hazen Dempster**                                    **In re ASHINC Corporation, et al.**

Page 61

1 debt and perhaps contributed to the equity of
2 the company as a deleveraging motion -- as a
3 deleveraging effort to improve the balance sheet
4 of the company.
5       Q.  And could you maybe break down for
6 a layperson what -- what that means to -- strike
7 that.  We'll -- I'll come back to this.
8           THE VIDEOGRAPHER:  Do we need to go
9       off the record?
10          MR. HOFFMAN:  Let's go off the
11      record for just a moment.
12          THE VIDEOGRAPHER:  We're going off
13      the record.  The time is 10:07.
14          (A discussion was held off the
15           record.)
16          THE VIDEOGRAPHER:  We're going on
17      the record.  The time is 10:09.
18 BY MR. HOFFMAN:
19      Q.  Mr. Dempster, you mentioned a
20 moment ago that you thought it was possible that
21 part of the -- what prompted the third amendment
22 was a desire to have a delevering transaction.
23 I was just asking, for a layperson, what does
24 that mean, delevering?
25      A.  Well, leverage is generally

Page 62

1 regarded as the amount of debt a company has
2 compared to its, in some cases, net worth, but
3 generally it's cash flow, or EBITDA.  And if the
4 debt is bought in by Yucaipa and contributed to
5 the debt -- to the -- to the capital of Allied,
6 that would reduce the debt, thereby lowering
7 their leverage.
8           MR. ZAIGER:  Just for the record,
9       Derex Walker has joined the conference
10      call.  I don't think that was
11      announced.
12 BY MR. HOFFMAN:
13      Q.  And so did you consult and advise
14 with Allied about the third amendment we're
15 discussing?
16      A.  Yes.
17      Q.  And what was your role,
18 personally, in connection with that amendment?
19      A.  To negotiate it with the lenders
20 to make sure it worked for the company.
21      Q.  And did you also assist in
22 negotiating the terms -- negotiating any part of
23 that with Yucaipa?
24      A.  No.  My recollection is Yucaipa's
25 counsel was involved in the negotiations as well

Page 63

1 for the points that were important to them.  And
2 whether their counsel gave me comments that I
3 then passed on to the lender's counsel or they
4 gave them directly, I frankly don't recall.  It
5 could have been either one.
6       Q.  And do you recall that there was
7 an agreement executed in conjunction with the
8 third amendment that's referred to as the
9 exchange agreement that covered the terms of the
10 debt for equity exchange that Yucaipa would
11 undertake after purchasing debt under the third
12 amendment?
13      A.  Frankly, I didn't --
14          MR. ZAIGER:  Objection to form.
15      A.  Frankly, I didn't recall that, no.
16      Q.  Okay.  Your recollection is about
17 the third amendment itself?
18      A.  Correct.
19      Q.  And do you recall whether Goldman
20 Sachs had any role in connection with the third
21 amendment?
22      A.  They may have played some advisory
23 role, but I don't recall it being very
24 prominent.  At least from my perspective.  But
25 there was a point in time they came back in, at

Page 64

1 least to my eyes, briefly, and that may have
2 been -- may have been the point in time.
3       Q.  Okay.  I'm handing -- going to
4 hand you what's going to be marked as Exhibit
5 309.
6           (Exhibit No. 309 was marked for
7            identification.)
8      A.  Okay.
9       Q.  So I'll start at the bottom of the
10 first page of 309.  There's an e-mail from Steve
11 Messina to various other individuals; do you see
12 that?
13      A.  Yes.
14      Q.  And then it looks like that
15 message -- and the next e-mail up gets forwarded
16 by Glen Collyer of Latham & Watkins, lw.com, to
17 you among others; do you see that?
18      A.  Yes.
19      Q.  And in the bottommost e-mail
20 again, the one from Steve Messina to Glen
21 Collyer, Steve Messina writes, Glen, attached
22 hereto for your review, please find a draft of
23 Amendment 3 to the Allied first lien credit
24 agreement.
25      Do you see that?