# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Robert A. Klyman
Direct: +1 213.229.7562
Fax: +1 213.229.7562
RKlyman@gibsondunn.com

February 23, 2021

VIA CM/ECF

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

Re:   Allied Litigation (Adversary Proceedings 13-50530-CSS, 14-50971-CSS)

Dear Chief Judge Sontchi:

I write as counsel for Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. (together, "Yucaipa") in the above-referenced adversary proceedings.

During the February 4, 2021 hearing on the parties' cross-motions for summary judgment, the Court directed the parties to submit letter briefs regarding the potential applicability of *In re Maxus Energy Corp.*, 2019 WL 647027 (Bankr. D. Del. Feb. 15, 2019) to the Trustee's argument that the "continuing breach" doctrine saves the Lenders' time-barred Contract-Based Claims.  On February 19, 2020, Yucaipa submitted its letter brief directly addressing *Maxus*.  (Adv. No. 13-50530, D.I. 819 /Adv. No. 14-50971, D.I. 558.)

Regrettably, the Trustee used her letter brief to advance a new but meritless argument unrelated to the *Maxus* case.  Although nowhere asserted in the dozens of pages of briefing submitted by the Trustee in connection with summary judgment, the Trustee now contends for the first time that during the pendency of Delaware's three-year statute of limitations, BD/S could not have sued Yucaipa to enforce the Third Amendment's Capital Contribution requirements or its limitations on Yucaipa acquiring debt because only CIT, as Agent under the FLCA, had that power.  (*See* Trustee's Letter at 3 ("Under the FLCA, the First Lien Lenders 'agreed that all powers, rights and remedies hereunder may be exercised solely by the Administrative Agent, on behalf of the [Lenders] in accordance with the terms thereof.'" (quoting Section 9.8(b) of the FLCA)).  This new argument fails for several substantive reasons and is procedurally improper pursuant to Del. Bankr. LR 7007-1(b).

First, the Trustee's new argument is belied by the terms of the Third Amendment, which expressly gave each Lender the right to sue for breach and to specifically enforce Yucaipa's obligation to perform under the FLCA:

> [Yucaipa] recognizes and acknowledges that a breach by it of any covenants or agreements contained in this Section 10.6(j) will cause the other Lenders

GIBSON DUNN

The Honorable Christopher S. Sontchi
February 23, 2021
Page 2

> and Agents to sustain damages for which it would not have an adequate remedy at law for money damages, and therefore [Yucaipa] agrees that in the event of any such breach, each of the other ***Lenders*** and Agents ***shall be entitled to specific performance*** of such covenants and agreements and injunctive and other equitable relief in addition to any other remedy to which it may be entitled, at law or in equity.

(Scolnick Decl., Ex. 41 at 8, § 2.7(e) (emphasis added).)  The Trustee has acknowledged that this section granted the Lenders "a right to specific performance."  (Trustee Opp. at 12.)

Second, the specific provision of the FLCA that the Trustee invokes—Section 9.8(b)—sets forth the Agent's exclusive right to "Realize on Collateral and Enforce [Allied's] Guaranty."  (Singer Decl., Ex. 9 (FLCA) at 156, § 9.8(b).)  Section 9.8(b) has nothing whatsoever to do with the rights of the Agent or the Lenders to sue Yucaipa or other Lenders for alleged breaches of the FLCA or Third Amendment.  (*See id.* at 151, § 9.2 (limiting the agent's powers to those expressly delineated in the FLCA).)

Third, the Trustee's new assertion is also contrary to the factual record.  For example, in January 2010—well within the three-year limitations period to assert claims based on the alleged August 2009 breaches—Black Diamond considered either intervening in CIT's Georgia action or filing its own suit.  (*See* Suh Decl., Ex. 3 at BDCM0030712 ("<u>sue</u> --> file your own suit / intervene --> become a party to [the CIT] suit / --> much more costly"); Yucaipa Reply at 16.)  But it strategically chose to do neither.

As set forth by Yucaipa in its briefing and in oral argument, the three-year statute of limitations for BD/S to assert a claim for Yucaipa's alleged breach of the Third Amendment expired two years before BD/S asserted their claims.  (Yucaipa Mot. at 19.)  The Trustee's new argument, raised for the first time in a letter brief in which she was supposed to address the *Maxus* case only, constitutes an end run around the plain terms of the Third Amendment and applicable law.  Accordingly, Yucaipa respectfully requests that the Court disregard the Trustee's new, belated, and meritless argument that somehow BD/S could not have brought its claims within the applicable statute of limitations.

Respectfully,

/s/ *Robert A. Klyman*

Robert A. Klyman