## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC CORPORATION, *et al.*[1],<br><br>      Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br><br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS<br><br>      Plaintiff,<br><br>BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>      Intervenors,<br><br>      v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>      Defendants. | Adv. Proc. No. 13-50530 (CSS) |

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58-0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90-0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45-5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (38-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38-2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,

Plaintiff,

v.

YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,

Defendants.

Adv. Pro. No. 14-50971 (CSS)

**EMERGENCY MOTION TO SHORTEN NOTICE AND SCHEDULE HEARING ON DEFENDANTS YUCAIPA AMERICAN ALLIANCE FUND I, L.P. AND YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.'S MOTION FOR STAY OF EFFECTIVENESS AND ENFORCEMENT OF JUDGMENT PENDING APPEAL PURSUANT TO BANKRUPTCY RULES 7062 AND 8007(a)**

Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. (collectively, "Yucaipa") by and through their undersigned counsel, hereby files this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), to shorten the notice period of, and schedule a hearing on, the *Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P.'s Motion for Stay of Effectiveness and Enforcement of Judgment Pending Appeal Pursuant to Bankruptcy Rules 7062 and 8007(a)* (the "Stay Motion"),[2] filed contemporaneously herewith, such that (i) the Stay Motion may be heard on June 30, 2021 and

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Stay Motion.

(ii) requiring that objections to the Stay Motion, if any, be filed by noon prevailing Eastern time on June 29, 2021.  In support of this Motion to Shorten, Yucaipa respectfully states as follows.

## Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.[3]

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief requested herein is Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Relief Requested

4.      Yucaipa requests that the Court shorten the period for notice and schedule a hearing on the Stay Motion so that this Court may consider the Stay Motion on June 30, 2021 with objections, if any, to be filed by noon prevailing Eastern time on June 29, 2021.

## Basis for Relief

5.      Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."  Local Rule 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

---

[3] Yucaipa does not consent to the entry of final orders or judgments by the Court to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6.    On May 4, 2021, the Court entered the Order in connection with the Court's Opinion dated May 4, 2021. *See* Adv. Proc. No. 13-50530 ("Estate Action"), D.I. 825, 826; Adv. Proc. No. 14-50947 ("Lender Action"), D.I. 563, 564.

7.    On June 23, 2021, the Court entered the Judgment on certain counts pursuant to the Order.  *See* Estate Action, D.I. 841; Lender Action, D.I. 579.  The Judgment directed entry of a final judgment as to less than all of the claims in the Adversary Proceeding after determining that there was no just reason for delay pursuant to Rule 54(b), made applicable by Bankruptcy Rule 7054.  Pursuant to Bankruptcy Rule 8002(a), the parties are afforded 14 days from entry of the Judgment to file a notice of appeal.[4]  Similarly, pursuant to Bankruptcy Rule 7062, enforcement of the Judgment is automatically stayed for the same 14-day period following its entry.

8.    Accordingly, the Judgment is stayed until July 7, 2021.

9.    By the Stay Motion, Yucaipa requests that a stay be imposed as to the effectiveness of the Court's Judgment, while Yucaipa appeals whether the Court, *inter alia*:[5] (a) erred in finding that "this Court has the judicial power to enter a final order"[6] and in entering the Judgment granting the Trustee Summary Judgment Motion as to the Estate breach of contract claim[7] rather than submitting proposed findings of fact and conclusions of law to the District Court for *de novo* review because such claim is a non-core claim and the Court lacked statutory or constitutional authority to enter final judgment thereon; (b) abused its discretion in directing the

---

[4] On or before expiration of this period, Yucaipa will file a notice of appeal with respect to the Judgment. *See* Bankruptcy Rule 8007(a)(2) ("The motion [for stay pending appeal] may be made either before or after the notice of appeal is filed."). In light of the Court's determination in *Carickhoff v. Goodwin (In re Decade S.A.C., LLC)*, Case No. 18-11668, Adv. Proc. No. 19-50095, 2020 Bankr. LEXIS 702 (Bankr. D. Del. March 18, 2020) (Sontchi, J.) that the Court is divested of jurisdiction to enter a stay pending appeal after a notice of appeal is filed, Yucaipa intends to file a notice of appeal following this Motion.

[5] For the avoidance of doubt, Yucaipa's notice of appeal will identify additional, significant flaws with the Judgment, and underlying Opinion and Order.

[6] Order at 2.

[7] Estate Claim 5.

entry of a final judgment as to fewer than all claims pursuant to Rule 54(b); (c) incorrectly made factual findings or relied on disputed factual findings in ruling on the Cross-Motions for Summary Judgment on what are disputed and material factual issues; (d) erred in finding the breach of contract claims to not be barred by the contractual covenant not to sue; and (e) erred in awarding prejudgment interest on the fraudulent transfer claims[8] at a rate in excess of 6% (based on quarterly compounded interest at the average Federal Reserve discount rate between the date of each transfer and the date of the Judgment, plus 5.0%) without any explanation for the interest rate applied.

10.    Yucaipa respectfully submits that the Judgment is not a final, executable judgment, both because this Court lacked adjudicatory authority over the non-core claim that is the subject of the Judgment and because the Court's entry of a partial judgment under Rule 54(b) was improper, since "just reason" existed in this case to delay the entry of any final judgment until final adjudication of all claims for relief.  The entry of a stay would prevent the premature execution by the Trustee – and would allay the effects of any such premature execution – on a Judgment that the District Court might well conclude on appeal is not a final judgment.

11.    Notably, the Trustee stated in her recent Trustee Rule 9033 Response that she "does not oppose the issuance of a stay" pending Yucaipa's expected appeal, subject to Yucaipa posting security.  Trustee Rule 9033 Response at 12.  As set forth below, the Trustee is already protected by an escrow account (the Disputed Obligations Escrow) which holds tens of millions of dollars.   Case No. 12-11564, D.I. 1837 (Sale Order establishing existence of Disputed Obligations Escrow).

12.    If the Court does not stay the effectiveness of the Judgment while Yucaipa appeals, the Trustee would almost certainly attempt to execute on the Judgment immediately.

---

[8] Estate Claims 10 and 11.

Yet, as explained above, the Court's very authority to issue the Judgment is being challenged on constitutional grounds.  If the Trustee were permitted to enforce the Judgment against Yucaipa prior to the District Court's adjudication of the appeal, Yucaipa's constitutional and appellate rights could be destroyed, as the Trustee would attempt to dismember Yucaipa before the District Court has an opportunity to consider the issues on appeal.  Depriving Yucaipa of such rights constitutes irreparable harm.

13.    Accordingly, Yucaipa respectfully submits that exigent circumstances and sufficient cause exist to justify:  (a) shortening the period for notice of the hearing on the Stay Motion; (b) scheduling a hearing on the Stay Motion on June 30, 2021; and (c) requiring that objections to the Stay Motion, if any, be filed by noon prevailing Eastern time on June 29, 2021.

**<u>Notice</u>**

14.    Notice of this Motion to Shorten will be provided via e-mail or overnight mail to counsel for the Trustee.

**<u>No Prior Request</u>**

15.    No prior motion for the relief requested herein has been made to this or any other court.


[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, Yucaipa respectfully requests the entry of an order: (a) shortening the period for notice of the hearing on the Stay Motion; (b) scheduling a hearing on the Stay Motion; (c) setting an objection deadline for the Stay Motion; and (d) granting such further relief as necessary or appropriate.

Dated: June 25, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Fax: (302) 652-4400
Email: ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        pkeane@pszjlaw.com

-and-

GLASER WEIL FINK HOWARD AVCHEN &
SHAPIRO LLP
Patricia L. Glaser (*admitted pro hac vice*)
Gali Grant (*admitted pro hac vice*)
Matthew P. Bernstein (*admitted pro hac vice*)
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Fax: (310) 556-2920
Email: pglaser@glaserweil.com
        ggrant@glaserweil.com
        mbernstein@glaserweil.com

Counsel for Yucaipa