# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*,<br><br>                       Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS,<br><br>                       Plaintiff,<br><br>BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>                       Intervenors,<br><br>                       v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>                       Defendants. | Adv. Proc. No. 13-50530 |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,<br><br>                       Plaintiff,<br><br>                       v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>                       Defendants. | Adv. Proc. No. 14-50971 (CSS) |

# MOTION OF THE LITIGATION TRUSTEE
# TO PERMIT REGISTRATION OF JUDGMENT

Catherine E. Youngman, as the Litigation Trustee for ASHINC Corporation and related debtors (the "**Trustee**"), by and through the undersigned counsel, hereby respectfully moves (the "**Motion**"), pursuant to 28 U.S.C. § 1963, for an order substantially in the form attached as **Exhibit 1** permitting the Trustee to register the Judgment (Adv. Proc. No. 13-50530, D.I. 841, 14-50971, D.I. 579) in any jurisdiction in which Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. (together, "**Yucaipa**") may have assets. In support of this Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT[1]

On June 23, 2021, this Court entered a Judgment in the Adversary Proceedings requiring Yucaipa to pay the Trustee approximately $132.4 million. Yucaipa has not posted any *supersedeas* bond to stay enforcement of the Judgment, and its emergency motions seeking to stay enforcement were denied by this Court and the District Court. The stay on enforcement of the Judgment — including two temporary extensions granted — has now expired.

While the Trustee is free to proceed with enforcement of the monetary Judgment, Yucaipa claims that its "only remaining asset is approximately $7 million in its reserve accounts" (*See* 21-995, D.I. 37).[2] Those assets are not located within Delaware. A court order pursuant to 28 U.S.C. § 1963 is therefore necessary to permit the Clerk to issue certified copies of the

---

[1]  Abbreviations relied on in prior briefing by the Trustee are used again here. For the Court's convenience, an appendix of abbreviations relied on by the Trustee is attached as **Appendix A**.

[2]  Despite the Trustee having raised the issue in several recent pleadings, Yucaipa has not addressed any alternative means it may have of satisfying the Judgment, including by invoking indemnification and/or claw back rights under its Limited Partnership Agreements. (*See* 12-11564, D.I. 4086 at 8 n.5) (quoting provision in Limited Partnership Agreement regarding the return of distributions to Limited Partners to satisfy the Partnership's "indemnity obligations for Damages."). The Trustee has now confirmed that — notwithstanding the liability presented by the Adversary Proceedings — Yucaipa inexplicably distributed *hundreds of millions* of dollars to its limited partners over the past several years.

1

Judgment for registration in jurisdictions in which Yucaipa has assets. Here, "good cause" exists permitting the requested order — despite the pendency of an appeal — given that Yucaipa (1) has failed to post any bond, and (2) has admitted it has no assets in this jurisdiction and that its financial condition is extremely precarious. The Trustee must begin her efforts to collect the Judgment as soon as possible and respectfully requests that this Court enter the attached Proposed Order permitting registration of the judgment in any districts in which Yucaipa may have assets.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Following entry of the Judgment on June 23, 2021, Yucaipa filed an emergency motion seeking to stay the effectiveness and enforcement of the Judgment (the "**Initial Stay Motion**").[3] This Court granted Yucaipa's request to extend the automatic stay through July 14, 2021, but otherwise denied the Initial Stay Motion, ruling from the bench during oral argument on July 6, 2021. Yucaipa subsequently noticed appeals from the Judgment without posting any bond. Instead, Yucaipa filed a second emergency motion to stay enforcement with the District Court on July 13, 2021 (the "**Second Stay Motion**").[4] The District Court further extended the stay through and including August 3, 2021,[5] and subsequently denied Yucaipa's Second Stay Motion by an Opinion and Order dated August 2, 2021.[6] The stay on enforcement of the Judgment has now expired without Yucaipa posting any bond.

On August 4, 2021, Yucaipa filed a response to a Magistrate Judge's Recommendation in the District Court advocating, again, to extend a stay of enforcement of the Judgment until after

---

[3]     *See* 13-50530, D.I. 845; 14-50971, D.I. 583
[4]     21-994, D.I. 4, 21-995, D.I. 4.
[5]     21-994, D.I. 8, 21-995, D.I. 8.
[6]     21-994, D.I. 34-35, 21-995, D.I. 34-35.

the parties attempt to mediate the pending appeals.[7] In support of its submission, Yucaipa claims that "the Trustee currently holds (and controls the distribution of) approximately $45 million in cash in an escrow account that is owed to Yucaipa, which Yucaipa contends is sufficient security for the Judgment while the appears are pending."[8] Further, Yucaipa contends that its "only remaining asset is approximately $7 million in its reserve accounts," which it says it is willing to offer as "additional security for the Judgment if a stay were issued in connection with mediation and the appeals."[9]

The Trustee remains willing to engage in good faith efforts to mediate the appeals; however, there is no basis in law or fact to further stay enforcement of the Judgment. The Initial Stay Motion and the Second Stay Motion were denied, and Yucaipa has posted no *supersedeas* bond. Moreover, Yucaipa's refrain that the Trustee holds (and controls) approximately $45 million — accounting for only a fraction of the Judgment — is false and is woefully insufficient to secure the Judgment even if that were not the case. The reality is that the Trustee does not hold or control <u>any</u> such funds. Rather, Yucaipa's claimed proceeds from the JCT 363 Sale — approximately $34.8 million (with interest) — have been held by Wilmington Trust pursuant to an Escrow Agreement entered in late 2013 pursuant to the confirmed Bankruptcy Plan. No proceeds from that escrow are distributable unless there are either (1) joint instructions from the Agent for the First Lien Lenders (the "**Agent**") <u>and </u>Yucaipa or, alternatively, (2) a final non-appealable order in connection with the Trustee's equitable subordination claims. The remaining funds referenced by Yucaipa have been held in a reserve account by the Agent (never

---

[7]   21-994, D.I. 37 at ¶8; 21-995, D.I. 995, D.I. 37 at ¶8.
[8]   *Id.*
[9]   *Id.*

3

the Trustee) since late 2013. Over $10 million was reserved in this account because Yucaipa claimed the Credit Agreement entitled it to attorneys' fees and expenses incurred in defending the void Fourth Amendment, among other things.[10] The Agent, like the Wilmington Trust Escrow Agent, is awaiting proper instructions or final Court order permitting distribution of funds from that reserve account.

As this Court recognized in rejecting Yucaipa's Initial Stay Motion, the $45 million "is subject to a number of conditions" — including that Yucaipa prevail on the merits of remaining claims — and "could be quite illusory." (7/6/21 Hearing Tr. at 33:13-15). The amount at issue is insufficient given the approximately $132.4 million Judgment and a trial over even larger claims on the horizon.

## ARGUMENT

Pursuant to 28 U.S.C. § 1963, "[a] judgment in an action for the recovery of money . . . entered in any . . . bankruptcy court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal <u>or when ordered by the court that entered the judgment for good cause shown</u>."[11] Accordingly, even when a judgment is not final through appeal, registration of a judgment in another judicial district is permitted when "good cause" exists. *See, e.g.*, *Great Am. Ins. Co. v. Stephens*, 2006 WL 2349991, at *1-2 (E.D. Pa. Aug. 11, 2006); *Garden State Tanning, Inc. v. Mitchel Mfg. Grp., Inc.*, 2000 WL 1201372, at *1-2 (E.D. Pa. Aug. 4, 2000); *Associated Bus. Tel. Sys., Inc. v. Greater Capital Corp.*, 128 F.R.D. 63, 66-67 (D.N.J. 1989). A

---

[10] Yucaipa asserted this claim in a lawsuit commenced in Delaware Court of Chancery shortly after the JCT 363 Sale closed. *See Yucaipa American Alliance Fund I, LP, et ano v. SBDRE LLC, et al.*, C.A. No. 9151-VCP (Del. Ch.).

[11] Emphasis is added to, and quotations and internal punctuation is omitted from, quotations in this brief, unless otherwise indicated.

4

"mere showing that the defendant has substantial property in [another] district and insufficient [property] in rendering district to satisfy the judgment" satisfies the "good cause" standard. *Id.* (quoting SIEGEL, *Commentary on 1988 Revision, 28 U.S.C. § 1963*, (West Supp. 1989). *See also Moon Express, Inc. v. Intuitive Machines, LLC*, 2018 WL 4972220, at *9 (D. Del. Oct. 15, 2018) (holding that good cause existed to permit registration of judgment in other districts where plaintiff did not contest that it had "insufficient assets in Delaware to satisfy the judgment," and may have "substantial assets in other districts"); *Choice Trading, LLC v. Cenit*, 2017 WL 11476500, at *1 (D.N.J. May 5, 2017) (finding "good cause" upon showing that defendant had property in a foreign jurisdiction and insufficient property in rendering district); *Schreiber v. Kellogg*, 839 F. Supp. 1157, 162 (E.D. Pa. 1993) ("The good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in rendering district to satisfy the judgment.")

Courts have found "good cause" where there is a "distinct possibility of [a] plaintiff being faced with an unsatisfied judgment." *Great Am. Ins. Co.*, 2006 WL 2349991, at *1-2. The judgment creditor, however, is not required to "show exact evidence of assets." *Owen v. Soundview Fin. Group, Inc.*, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999). In *Owen*, the only evidence that the judgment debtor had assets in California was his trial testimony that he lived and was employed in that state. *Id.*

As noted above, Yucaipa claims to have no assets in Delaware. Both defendants are incorporated in this state; however, Yucaipa's principal operations, employees, and physical address are in California. Yucaipa's responses to post-Judgment discovery requests identify four California bank accounts holding approximately $7.8 million. This evidence is sufficient for the Trustee to have met its burden of showing "good cause" to permit registration of the judgment in

5

California, or anywhere else that the Trustee later determines Yucaipa may have assets.

The need for quick enforcement of the Judgment is particularly acute in this case. After exhausting its appeals to challenge, among other things, multiple courts' rulings that the Fourth Amendment to the First Lien Credit Agreement was *void ab initio* and that the Third Amendment was operative, Yucaipa inexplicably distributed over $379 million to its investors to avoid satisfying a future judgment. Moreover, Yucaipa seemingly refuses to address its ability to claw back any of these funds. (*See* n.2, above). These actions undermine any confidence the Trustee may have had with respect to whether Yucaipa will further deplete or transfer assets. It is therefore imperative that the Trustee be able to commence collection efforts as soon as possible.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order granting her leave to register the Judgment in any jurisdictions in which Yucaipa may have assets.

Dated: August 10, 2021

**FOX ROTHSCHILD LLP**

By:     */s/ Seth A. Niederman*
    Seth A. Niederman (DE Bar No. 4588)
    Citizens Bank Center
    919 N. Market Street, Suite 300
    Wilmington, DE 19801
    Tel.: (302) 654-7444
    Fax: (302) 656-8920
    sniederman@foxrothschild.com

-and-

**JOSEPH HAGE AARONSON LLC**
Gregory P. Joseph
Douglas J. Pepe
Gila S. Singer
485 Lexington Avenue, 30th Floor
New York, NY 10017
Telephone: (212) 407-1200
gjoseph@jhany.com

-and-

**ZAIGER LLC**
Jeffrey H. Zaiger
Judd A. Lindenfeld (*pro hac vice forthcoming*)
2187 Atlantic Street, 9th Floor
Stamford, CT 06902
Telephone: (917) 572-7701
jzaiger@zaigerllc.com

*Counsel for the Litigation Trustee and Plan Administrator*

# Appendix A

# Abbreviations and Defined Terms Relied on in Trustee's Briefing Since May 1, 2020

| **13-50530** or **Estate Action** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Adv. Proc. No. 13-50530 (Bankr. D. Del.) |
|---|---|
| **14-50971** or **Lender Action** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Adv. Proc. No. 14-50971 (Bankr. D. Del.) |
| **21-994** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Civ. No. 21-cv-00994 (CFC) (D. Del.) |
| **21-995** | *Catherine E. Youngman, Litig. Tr. for ASHINC Corp. v. Yucaipa Am. All. Fund I, L.P.*, Civ. No. 21-cv-00995 (CFC) (D. Del.) |
| **2005 Bankruptcy** | *In re Allied Holdings, Inc., et al.*, Case Nos. 05-12515 through 05-12526 and 05-12528 through 05-12537 (Bankr. N.D. Ga.) |
| **9033 Objections** | Yucaipa's Objections to the Bankruptcy Court's May 4, 2021 Summary Judgment Opinion and Order [Federal Rule of Bankruptcy Procedure 9033], dated May 18, 2021 (13-50530, D.I. 828; 14-50971, D.I. 566) |
| **Active** | Active Carhaul |
| **Adversary Proceedings** | The Estate Action (13-50530) and Lender Action (14-50971) |
| **Agent** | The Agent to the Lenders Under the First Lien Credit Agreement. |
| **Allied Adversary Proceeding** | *ASHINC Corp. v. AMMC VIII, Ltd. et al.*, Adv. Proc. No. 12-50947-CSS (Bankr. D. Del) |
| **Allied** or the **Company** | ASHINC Corp.(formerly known as Allied Systems Holdings, Inc.) and related Debtors |
| **Amended Plan** | Debtors' Modified First Amended Joint Chapter 11 Plan of Reorganization dated December 3, 2015 (Case No. 12-11564, D.I. 3360-1) |
| **Answer** | Answer and Affirmative Defenses of Yucaipa to Plaintiff's Amended Complaint, dated April 1, 2013 (13-50530, D.I. 95) |
| **Bankruptcy** | *In re ASHINC Corp., et al.*, Case No. 12-11564 (CSS) (Bankr. D. Del). |
| **BD/S** | Black Diamond and Spectrum |
| **Black Diamond** | BDCM Opportunity Fund II, LP and Black Diamond CLO 2005-1 Ltd. |
| **Board** | Allied's Board of Directors |
| **Burkle** | Ronald Burkle |
| **CIT** | CIT Group/Business Credit, Inc. |
| **ComVest** | ComVest Investment III, L.P. |
| **Covenant Not to Sue** | Covenant not to sue at § 2.7(f) of the First Lien Credit Agreement (Ex. 9) |
| **Credit Agreements** | Allied's First Lien Credit Agreement and Second Lien Credit Agreement |

| **D. Del. Compl.** | *Yucaipa Am. All. Fund I, L.P. et al. v. Richard A. Ehrlich et al.*, No. 15-cv-373 (D. Del. May 8, 2015), ECF No. 1 |
|---|---|
| **Direct Lender Claims** | Claims brought on behalf of the lenders under Allied's first lien credit facility asserted in Adv. Proc. No. 14-50971 |
| **Ehrlich Decl.** | The Declaration of Richard Ehrlich, dated December 18, 2020 |
| **Entities Opposition** or **Entities Opp.** | Litigation Trustee's Opposition to the Motion for Summary Judgment by Yucaipa American Alliance Fund I, LP and Yucaipa American Alliance (Parallel) Fund I, LP, dated July 17, 2020 |
| **Estate Claims** | Claims brought on behalf of the Allied Estates asserted in Adv. Proc. No. 13-50530 |
| **Ex. (as used in summary judgment briefing and this appendix)** | Exhibits to the first Declaration of Gila S. Singer, dated May 1, 2020 (13-50530, D.I. 713; 14-50971, D.I. 466); Second Declaration of Gila S. Singer, dated August 21, 2020 (13-50530, D.I. 772; 14-50971, D.I. 516); and the accompanying Third Declaration of Gila S. Singer |
| **First Lien Credit Agreement or "FLCA"** | Amended and Restated First Lien Secured Super-Priority Debtor in Possession and Exit Credit and Guaranty Agreement, dated as of May 15, 2007 (Ex. 9) |
| **Gendregske Br.** | Defendant Mark Gendregske's Opening Brief in Support of his Motion for Summary Judgment, dated May 1, 2020 (13-50530, D.I. 708) |
| **Georgia Action** | *Allied Systems Holdings, Inc., et al. v. The CIT Group/Business Credit, Inc.*, Civil Action No. 2009-CV-177574 (Super. Ct. Fulton Cnty.) |
| **Harris Decl.** | The accompanying Declaration of Adam C. Harris, dated December 18, 2020 |
| **Indiv. Br.** | Memorandum of Points and Authorities in Support of Motion for Summary Judgment by Defendants Ronald Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner (13-50530, D.I. 699; 14-50971, D.I. 456) |
| **Individual Defendants** | Defendants Ronald Burkle, Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner |
| **Individuals Opposition** or **Indiv. Opp.** | Litigation Trustee's Opposition to the Motion for Summary Judgment by the Individual Defendants, dated July 17, 2020 |
| **Initial Stay Motion**[1] | Yucaipa's Motion for a Stay of the Effectiveness and Enforcement of Judgment Pending Appeal Pursuant to Bankruptcy Rule 7062 and 8007(a), dated June 25, 2021 (13-50530, D.I. 845; 14-50947, D.I. 583) |

---

[1] Previously abbreviated "**Stay Motion**" in the Initial Stay Motion Opposition.

| **Initial Stay Motion Opposition** | Litigation Trustee's Memorandum of Law in Response to Yucaipa's Motion for Stay of the Effectiveness and Enforcement of Judgment Pending Appeal, dated July 2, 2021 (13-50530, D.I. 855; 14-50971, D.I. 591) |
|---|---|
| **Jack Cooper** or **JCT** | Jack Cooper Transport |
| **JCT 363 Sale** | Purchase by JCT of substantially all of Allied's assets for $135 million following an auction for Debtors' assets under 11 U.S.C. §363, which closed on December 27, 2013 |
| **JCT Negotiations** | Negotiations concerning JCT's desire to acquire Allied in late 2011 through 2012 |
| **Joint Procedural History** | Joint Procedural History, dated July 25, 2019 (13-50530, D.I. 599; 14-50971, D.I. 365) |
| **Judgment** | Judgment, dated June 23, 2021 (13-50530, D.I. 841; 14-50971, D.I 579) |
| **Kasowitz** | Kasowitz Benson Torres LLP |
| **Latham** | Latham & Watkins LLP |
| **LPA** | Loan Purchase Agreement between Yucaipa and ComVest, dated August 21, 2009 (Ex. 43) |
| **MMSA** | Monitoring and Management Services Agreement, dated May 29, 2007 (Scolnick Ex. 32) |
| **NY Action** | *BDCM Opportunity Fund II, LP, et al. v. Yucaipa American Alliance Fund I, L.P., et al.*, Index No. 650150/2012 (N.Y. Sup. Ct. N.Y. Cnty.) |
| **Objections** | 9033 Objections and Proposed Judgement Objections |
| **Opinion** | Opinion, dated May 4, 2021 (13-50530, D.I. 825; 14-50971, D.I. 563) |
| **Opposition** or **Opp.** | Opposition to the Litigation Trustee's Motion for Summary Judgment by Defendants Yucaipa American Alliance Fund I, L.P., Yucaipa American Alliance (Parallel) Fund I, L.P., Ronald Bukle, Ira Tochner, Derex Walker, Jos Opdeweegh, and Jeff Pelletier |
| **Order** | Order, dated May 4, 2021 (13-50530, D.I. 826; 14-50971, D.I. 564) |
| **Plan** | Second Amended Joint Plan of Reorganization, *In re Allied Holdings, Inc.*, No. 05-12515 (CRM) (Bankr. N.D. Ga.), D.I. 2802 (Ex. 11) |
| **Proposed Judgment Objections** | Objection to Entry of Judgment and Additional Objections to the Proposed Form of Judgment Submitted by the Litigation Trustee; Request for Stay in the Alternative, dated May 18, 2021 (13-50530, D.I. 830; 14-50971, D.I. 568) |
| **Requisite Lenders** | As defined in Allied's First Lien Credit Agreement (Ex. 9 at 41) |

| **Rule 2004 Motion** | Trustee's Motion for an Order Pursuant to Bankruptcy Rule 2004 and/or Sections 105(a) and 542(e) of the Bankruptcy Code Authorizing the Taking of Document Discovery and Deposition Testimony from the Yucaipa Funds, dated July 31, 2020 (12-11564, D.I. 4086) |
|---|---|
| **Second Stay Motion** | Emergency Motion of Appellants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P.'s Motion for Stay of Effectiveness and Enforcement of Judgment Pending Appeal Pursuant to Bankruptcy Rules 7062 and 8007 (21-994, D.I. 4; 21-995, D.I. 4) |
| **Scolnick Ex.** | Exhibits to the Declaration of Kahn A. Scolnick, dated May 1, 2020 (13-50530, D.I. 721; 14-50971, D.I. 457) |
| **Scolnick Opp. Ex.** | Exhibits to the Declaration of Kahn A. Scolnick, dated August 21, 2020 (13-50530, D.I. 767; 14-50971, D.I. 511) |
| **SDNY Compl.** | *Yucaipa Am. All. Fund I, L.P. et al. v. Richard A. Ehrlich et al.*, No. 15-cv-916 (S.D.N.Y. Feb. 6, 2015), ECF No. 1 |
| **Second Lien Credit Agreement** | Second Lien Secured Super-Priority Debtor in Possession and Exit Credit and Guaranty Agreement, dated as of May 15, 2007 |
| **Spectrum** | Spectrum Investment Partners, L.P. |
| **Stay Motion** | Emergency Motion of Appellants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P.'s Motion for Stay of Effectiveness and Enforcement of Judgment Pending Appeal Pursuant to Bankruptcy Rules 7062 and 8007 (Case No. 1:21-cv-00994 (CFC), D.I. 4; Case No. 1:21-cv-00995 (CFC), D.I. 4) |
| **Tender Offer** | February 4, 2009 tender offer by Yucaipa for Allied first lien debt (Ex. 30) |
| **Third Amendment** | Amendment No. 3 to First Lien Credit Agreement and Consent, dated as of April 17, 2008 |
| **Troutman** | Troutman Sanders LLP |
| **Trustee** or **Litigation Trustee** | Plaintiff Catherine E. Youngman, as Litigation Trustee for ASHINC Corp. (formerly known as Allied Systems Holdings, Inc.) and related Debtors |
| **Trustee Brief** | Litigation Trustee's Memorandum in Support of Motion for Partial Summary Judgment, dated May 1, 2020 (13-50530, D.I. 706; 14-50971 D.I. 463) |
| **Trustee Responses** | Trustee's Memorandum in Response to: (1) Yucaipa's Objections to Summary Judgment Opinion and Order, Entry of Judgment, and Proposed Form of Judgment, and (2) Questions from the Court, dated June 22, 2021 (13-50530, D.I. 836; 14-50947, D.I. 574) |
| **UVTA** | Uniform Voidable Transactions Act |
| **Yucaipa** | Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. |

| **Yucaipa Br.** | Memorandum of Points and Authorities in Support of Motion for Summary Judgment by Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P., dated May 1, 2020 (13-50530, D.I. 697; 14-50971, D.I. 454) |
|---|---|
| **Yucaipa Directors** | Defendants Jos Opdeweegh, Derex Walker, Jeff Pelletier, and Ira Tochner |
| **Yucaipa-ComVest Transaction** | Yucaipa's August 21, 2009 purchase of ComVest's $145.1 million (principal face amount) of Allied First Lien Debt for approximately $43 million pursuant to the LPA |