# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*,<br><br>              Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS<br><br>              Plaintiff,<br><br>BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>              Intervenors,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., MARK GENDREGSKE, JOS OPDEWEEGH, JAMES FRANK, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK,<br><br>              Defendants. | Adv. Proc. No. 13-50530 (CSS) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co- | Adv. Pro. No. 14-50971 (CSS) |

2

administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,

                Plaintiff,

v.

YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., RONALD BURKLE, JOS OPDEWEEGH, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK,

                Defendants.

**DEFENDANTS YUCAIPA AMERICAN ALLIANCE FUND I, L.P. AND YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.'S OBJECTION TO MOTION OF <u>THE LIQUIDATION TRUSTEE TO PERMIT REGISTRATION OF JUDGMENT</u>**

Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. (collectively, "Yucaipa"), by and through their counsel, hereby object (the "Objection") to the *Motion of the Litigation Trustee to Permit Registration of Judgment* [Adv. Proc. No. 13-50530 ("Estate Action"), D.I. 873; Adv. Proc. No. 14-50971 ("Lender Action"), D.I. 611] (the "Motion").[1]  In support of the Objection, Yuciapa respectfully represents as follows:

As recognized by the Motion, pursuant to 28 U.S.C. § 1963, the Trustee must show "good cause" in order register the Judgment outside of the rendering district by showing substantial property in a foreign district and insufficient property in the rendering district. Motion at 4-5.  The Trustee asserts that Yucaipa claims to have no assets in Delaware, but that "Yucaipa's principal operations, employees, and physical address are in California" and has "four California bank accounts holding approximately $7.8 million."[2]  Motion at 5-6.  The Motion makes no assertion that Yucaipa has any assets other than those in California.

While these allegations may be sufficient to permit registration of the Judgment in districts in California, the Trustee has not shown "good cause" to register the Judgment in any other district.  Courts, including those within the Third Circuit, do not permit unfettered registration in districts that "may" hold assets. Rather "good cause" requires the movant to actually "demonstrate that there are substantial assets in the forum state." *Air Prods. & Chems. v. Inter-Chemical, Ltd.*, Case No. 03-CV-6140, 2006 U.S. Dist. LEXIS 108238, *4, 2006 WL 8458843 (E.D. Pa. May 31, 2006) (finding good cause not established where plaintiff stated that defendant "may" have had assets in foreign district but did not make an unqualified statement of the same); *see also Jack Frost Lab v. Physicians & Nurses Manufacturing Corp.*, 951 F. Supp.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] For clarity, the two defendant funds in this case have no employees.

51, 52 (S.D.N.Y. 1997) (refusing to register judgment in district courts other than those in Florida because the moving party only established that the non-moving party had substantial assets in Florida). Nonetheless, the Motion impermissibly seeks to register the Judgment in "any jurisdiction in which [Defendants] *may* have assets" without any showing that any assets exist in any other district. Motion at 1 (emphasis added); *see also* Motion at 2 ("in any districts in which Yucaipa may have assets); Motion at 6 ("in California, or anywhere else that the Trustee later determines Yucaipa may have assets"). Any order permitting the Trustee to register the Judgment in a foreign district must be limited to those within California.

In addition to the Trustee's overreaching request to register the Judgment in additional districts without showing good cause, the Motion gratuitously states that the need for quick enforcement is particularly acute because "Yucaipa inexplicably distributed over $379 million to its investors to avoid satisfying a future judgment." Motion at 6; *see also* Motion at 1, n.2 ("Yucaipa inexplicably distributed *hundreds of millions* of dollars to its limited partners over the past several years"). As such a statement is not relevant to a "good cause" showing, the purpose of this false statement can only be an improper attempt to taint Yucaipa. Indeed, all distributions to limited partners were required by and made pursuant to Article VI of the *Third Amended And Restated Limited Partnership Agreement*. The Trustee offers no support for its false contention that Yucaipa's distributions were improper or made in order "to avoid satisfying a future judgment." They were not. The last distribution made by Yucaipa was made more than two years ago, on May 3, 2019. The fact and amounts of these distributions were premised on independent valuations of the partnerships' assets and liabilities (and no distributions were related to Yucaipa's investment in Allied). To be clear, Yucaipa has not made any distributions since the May 4, 2021 opinion upon which the Judgment was based. And, no further

distributions will be made. In fact, Yucaipa repeatedly has offered the four bank accounts referenced in the Motion, which hold Yucaipa's only remaining assets, as security for the Judgment while the parties' mediation and the appeal are pending. Although its offers have been rejected, Yucaipa has, of its own volition, stopped using these accounts to pay other debts, including the attorneys' fees and costs it must incur to defend the actions brought by the Trustee.

Yucaipa respectfully requests that the Court deny the Motion to the extent it seeks to register the Judgment in any districts outside of California.

| | |
|---|---|
| Dated:  August 23, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Laura Davis Jones* |
| | Laura Davis Jones (DE Bar No. 2436) |
| | David M. Bertenthal (CA Bar No. 167624) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Fax: (302) 652-4400 |
| | Email: ljones@pszjlaw.com |
| | dbertenthal@pszjlaw.com |
| | pkeane@pszjlaw.com |
| | |
| | -and- |
| | |
| | GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP |
| | Patricia L. Glaser (*admitted pro hac vice*) |
| | Gali Grant (*admitted pro hac vice*) |
| | Matthew P. Bernstein (*admitted pro hac vice*) |
| | 10250 Constellation Blvd. |
| | 19th Floor |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 553-3000 |
| | Fax: (310) 556-2920 |
| | Email: pglaser@glaserweil.com |
| | ggrant@glaserweil.com |
| | mbernstein@glaserweil.com |
| | |
| | Counsel for Yucaipa |