# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS,<br><br>　　　　　　　Plaintiff,<br><br>BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>　　　　　　　Intervenors,<br><br>　　　　　　　v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>　　　　　　　Defendants. | Adv. Proc. No. 13-50530 |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,<br><br>　　　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>　　　　　　　Defendants. | Adv. Pro. No. 14-50971 (CSS) |

**REPLY IN FURTHER SUPPORT OF THE LITIGATION
<u>TRUSTEE'S MOTION TO PERMIT REGISTRATION OF JUDGMENT</u>**

125868351.1

The Trustee respectfully submits this Reply in further support of her Motion for an order permitting registration of the Judgment in jurisdictions where Yucaipa may have assets.[1]

## ARGUMENT

Yucaipa does not dispute that it has no assets in Delaware to satisfy the Judgment. Nor does it dispute that it has substantial collectible assets elsewhere. Good cause therefore unquestionably exists to permit registration of the Judgment in other districts under 28 U.S.C. § 1963. *See, e.g.*, *Moon Express, Inc. v. Intuitive Machines, LLC*, 2018 WL 4972220, at *9 (D. Del. Oct. 15, 2018) (finding good cause to permit registration of judgment in other districts where judgement debtor "may ha[ve] assets" given it did not contest that it had "insufficient assets in Delaware to satisfy the judgment," and may have "substantial assets in other districts"). *See also, e.g.*, *Associated Bus. Tel. Sys., Inc. v. Greater Capital Corp.*, 128 F.R.D. 63, 66-67 (D.N.J. 1989) (A "mere showing that the defendant has substantial property in [another] district and insufficient [property] in rendering district to satisfy the judgment" satisfies the "good cause" standard.).

Yucaipa's only argument in opposition to the Motion is that an order permitting registration of the Judgment should be limited to districts in California. (*See* Opp. at 4, 5). In the first instance, to the extent that Yucaipa claims its only collectible assets are in California, Yucaipa "should have nothing to fear" from an order permitting the Trustee to register the Judgment in any jurisdiction in which Yucaipa *may* have assets, because the Trustee "simply cannot collect what does not exist." *Ventura v. Kyle*, 2015 WL 12832722, at *1 n.2 (D. Minn. Mar. 16, 2015) (granting order permitting registration of judgment in Texas and other

---

[1] Unless otherwise indicated, definitions and citation conventions in the Trustee's opening brief (13-50530, D.I. 873; 14-50971, D.I. 611) are relied upon again here. Yucaipa's Opposition to the Motion (13-50530, D.I. 874; 14-50971, D.I. 612) is abbreviated "**Opposition**" or "**Opp.**"

125868351.1

jurisdictions in which plaintiff argued that assets "may be located," over defendant's "unsworn representations" that "the only place her assets are located is in Texas").

The Trustee's discovery into the location and scope of Yucaipa's assets and distributions is ongoing, and initial disclosures were made only last month pursuant to a Court Order.[2] Prior to those disclosures, Yucaipa routinely obstructed the Trustee from exploring these topics *for years* by, among other things, objecting to the Trustee's efforts to do so at Yucaipa's 30(b)(6) deposition[3] and later telling this Court in opposition to the Trustee's Rule 2004 Motion that these disclosures were somehow "the secret sauce for the fund."[4] If the Trustee's current discovery efforts reveal collectible assets or impermissible transfers in a jurisdiction outside of Delaware and California, good cause exists to permit the Trustee to register the Judgment in those jurisdictions without resorting to additional motion practice. *See, e.g.*, *Mail Am. Commc'ns, Inc. v. World Healing Ctr. Church, Inc.*, 2021 WL 3159764, at *1 (S.D.N.Y. June 18, 2021) ("Because Plaintiff has established 'good cause' and Defendant has failed to provide a basis for denying Plaintiff's registration motion, Plaintiff's motion to register the Judgment in the Northern District of Texas, the Southern District of California, <u>and in other districts where Defendant may subsequently be found to have assets</u> is granted."); *Peterson-Dean, Inc. v. Nat'l Union Fire Insurance Co. of Pittsburgh, PA.*, 2020 WL 1989493, at *2 (S.D.N.Y. Apr. 24, 2020) (finding good cause and granting motion to register a judgment "in California <u>or any other appropriate district</u>."). *See also, e.g.*, *Associated Bus. Tel.*, 128 F.R.D. at 68 (finding good cause

---

[2] These ongoing efforts are being undertaken pursuant to FED. R. BANKR. P. 2004, Local Rule 2004-1, and FED. R. CIV. P. 69 (as incorporated by FED. R. BANKR. P. 7069).

[3] *See* Declaration of Maurice M. Suh, dated Sept. 1, 2020, in opposition to the Trustee's Motion for an Order Pursuant to Bankruptcy Rule 2004 (12-11564, D.I. 4106), Ex. 2 (Topics 63 and 64), Ex. 9 at 7:23-8:9.

[4] 5/12/21 Status Conf. Tr. (12-11564, D.I. 4159) at 9:5-9.

to permit registration of judgment in Illinois "and elsewhere," noting that "plaintiff need not show exact evidence of removal (of assets) from another district. Rather, the court has 'leeway' and can grant the registration upon a 'lesser showing.'").

Additionally, while Yucaipa takes issue with the Trustee's mention of the fact that Yucaipa distributed hundreds of millions of dollars to its investors over the past several years (*see* Opp. at 4-5) — underlying Yucaipa's current precarious financial condition and the Trustee's need to commence enforcement efforts as soon as possible — the Opposition again fails to address Yucaipa's ability to satisfy the Judgment by retrieving any of these funds through indemnification and/or claw back rights under its Limited Partnership Agreements. (*See* Motion at 1 n.2, 6). Nor does Yucaipa credibly refute that the transfers were improper in the light of Yucaipa's massive liability resulting from the Adversary Proceedings.[5]

Finally, Yucaipa's repeated offer to use its bank accounts as security in lieu of a supersedeas bond (Opp. at 5) continues to ring hollow. The approximately $7 million in these accounts covers only a fraction of the $132.4 million Judgment and additional damages sought in connection with claims remaining for trial. Yucaipa has no response to this, and its continued refusal to post a sufficient supersedeas bond provides further support for the Trustee's Motion. *See, e.g., Rui He v. Rom*, 2017 WL 2332188, at *1-2 (N.D. Ohio May 30, 2017) ("good cause arises when a judgment debtor fails to post [a] supersedeas bond after filing an appeal.")

---

[5] The Opposition maintains, without support, that Yucaipa was "required" to make these distributions pursuant to its Partnership Agreement. (Opp. at 4). This is not accurate. Yucaipa's Partnership Agreement provides that distributions may be made only if "Available Assets" exceed expenses and liabilities (§§ 6.6, 14.1) as determined by the General Partner in good faith. Any determination that Yucaipa lacked exposure in light of the history of the Adversary Proceedings was completely self-serving and improper.

3

125868351.1

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order granting leave to register the Judgment in any jurisdictions in which Yucaipa may have assets.

Dated: August 30, 2021

**FOX ROTHSCHILD LLP**

By:   */s/ Seth A. Niederman*
Seth A. Niederman (DE Bar No. 4588)
Citizens Bank Center
919 N. Market Street, Suite 300
Wilmington, DE 19801
Tel.: (302) 654-7444
Fax: (302) 656-8920
sniederman@foxrothschild.com

-and-

**JOSEPH HAGE AARONSON LLC**

Gregory P. Joseph
Douglas J. Pepe
Gila S. Singer
485 Lexington Avenue, 30th Floor
New York, NY 10017
Telephone: (212) 407-1200
gjoseph@jhany.com

-and-

**ZAIGER LLC**

Jeffrey H. Zaiger
Judd A. Lindenfeld
2187 Atlantic Street, 9th Floor
Stamford, CT 06902
Telephone: (917) 572-7701
jzaiger@zaigerllc.com

*Counsel for the Litigation Trustee and Plan Administrator*

4

125868351.1