# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*,<br><br>                           Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS,<br><br>                           Plaintiff,<br><br>BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>                           Intervenors,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>                           Defendants. | Adv. Proc. No. 13-50530 |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,<br><br>                           Plaintiff,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>                           Defendants. | Adv. Pro. No. 14-50971 (CSS) |

**THE LITIGATION TRUSTEE'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE THAT THE FOURTH AMENDMENT WAS ENTERED INTO IN GOOD FAITH AND FOR AN ORDER CLARIFYING THE SCOPE OF TRIAL**

## **PRELIMINARY STATEMENT**

The New York courts, the Third Circuit, and this Court are in accord that the Fourth Amendment was void *ab initio* and entered even though it was "flatly prohibited." In the Third Circuit's words, "[i]t is clear Yucaipa knew" this.[1] Yucaipa's bad faith has already been decided and is not an issue for this trial.[2] Despite multiple meet and confer discussions on this issue, however, Yucaipa has made clear in its pre-trial exchanges that it intends to relitigate these issues. Yucaipa has designated deposition testimony from at least 8 witnesses, and included over 60 exhibits, in an apparent effort to defend on the basis that the Fourth Amendment was entered in good faith. (*See* Ex. 1).[3] As a precautionary measure, the Trustee has conditionally designated testimony and exhibits to refute this defense, pending an evidentiary ruling from the Court. (*See* Ex. 2). None of this is relevant.

---

[1]   "[U]nder the Third Amendment, Yucaipa could never be the Requisite Lender.... **It is clear Yucaipa knew that it was prohibited** from acquiring LC Commitments and that the Third Amendment restricted Yucaipa's rights as a Lender." *In re ASHINC Corp.*, 683 F. App'x 131, 139, 140 (3d Cir. 2017). *See also BDCM Opportunity Fund II, LP v. Yucaipa Am. All. Fund I, LP*, 2013 WL 1290394 at *5 (Sup. Ct. N.Y. Cty. Mar. 8, 2013), *aff'd*, 112 A.D. 3d 509 (1st Dept. 2013) ("Yucaipa ... caused Allied to enter into that certain Amendment No. 4..., [and] seiz[ed] control of the Lenders' rights and remedies under the Credit Facility. **This was, of course, flatly prohibited** under the Credit Agreement, and thus the Purported Fourth Amendment is invalid and of no force or effect."); *In re Allied Sys. Holdings Inc*, 556 B.R. 581, 598 (D. Del. 2016) ("The Third Amendment **specifically prohibited Yucaipa** from buying sufficient debt to ever become the Requisite Lender and stripped Yucaipa's debt of any voting rights").

[2]   "**Yucaipa argues that the courts failed to determine that its losses were incurred from its acts of bad faith. The Court disagrees**." Summary Judgment Opinion, *In re ASHINC Corp.*, Nos. 12-11564 and 13-50530 (CSS), 13-50530 D.I. 825 at 65; *see also id*. at 102, 108 (holding that "Yucaipa acted in bad faith in purchasing first lien debt under an invalid Fourth Amendment and assuming Requisite Lender status thereunder").

[3]   The parties will continue to meet and confer to address any additional objections to the exhibit lists and deposition designations exchanged pursuant to the schedule set forth in Your Honor's Order Approving Stipulated Trial Scheduling Order. (13-50530, D.I. 909; 14-50971, D.I. 644). With respect to the issue presented here, however, the parties have already reached an impasse. We respectfully submit that both sides would benefit from an early clarification of the scope of the upcoming trial now scheduled to begin the week of March 1, 2022.

The factual issues remaining for trial principally concern Yucaipa's post-Fourth Amendment conduct, when it masqueraded as Requisite Lender under the FLCA and torpedoed the JCT deal in May 2012. The invalid Fourth Amendment's relevance to that claim lies in the fact that it served as the vehicle Yucaipa used to effectuate its fiduciary breaches, causing significant harm to the Estate and its stakeholders. The question whether the Fourth Amendment was entered in good faith years earlier has been definitively resolved, and Yucaipa's attempt to present many hours of testimony and dozens of exhibits on the issue is a sideshow. The Trustee respectfully requests that the Court so order. Clarity on this issue in advance of the trial is essential so that the parties can focus the trial on what remains to be adjudicated.

## BACKGROUND

Responding to Yucaipa's eleventh hour motion to withdraw the reference, the Trustee referred the District Court to the summary judgment Opinion in which Your Honor identified the factual issues remaining to be tried as Yucaipa's conduct when masquerading as Requisite Lender, including its "conduct in the JCT Negotiations" and whether it "caused Allied to commit events of default under the FLCA."[4] In subsequent meet and confer discussions, Yucaipa inquired whether the Trustee planned to argue other theories of liability that predated Allied's entry into the Fourth Amendment. Specifically, Yucaipa sought confirmation that the Trustee would not raise *any* evidence or argument that Yucaipa's conduct in connection with Allied entering into the Fourth Amendment was a basis for Yucaipa's liability under any of the remaining claims.

During these discussions, the Trustee's counsel explained that in light of the definitive rulings of the New York courts, the Third Circuit, and this Court, the Trustee has no need — and

---

[4]    13-50530, D.I. 895; 14-50971, D.I. 630 at 4 (quoting Opinion at 109).

does not intend — to present evidence on this issue at trial. The Trustee, however, does not agree that she is foreclosed from relying on the findings in those decisions as a basis for liability on her remaining claims. In particular, when partially granting the Trustee's equitable subordination claim, Your Honor held that Yucaipa's lack of good faith in entering into the Fourth Amendment constituted inequitable conduct as a matter of law. (Opinion at 108). That ruling should be considered when the Court enters final judgment against Yucaipa on this claim, but it is no longer a factual issue for trial on the equitable subordination claim. Yucaipa's proposed scope of trial, however, would preclude any reliance on this holding.

Yucaipa's counsel explained that, "[i]f entry into the Fourth Amendment or purchase/ownership of the first lien Allied debt is going to be a basis upon which the Court will adjudicate *any claims* at trial, [it] must be allowed to present [its] defense." (Ex. 3) (emphasis added). Yucaipa's Witness List and Exhibit List make clear that this "defense" is its supposed good faith in causing Allied to enter into the Fourth Amendment. By the Trustee's count, Yucaipa has designated approximately 60 exhibits — nearly a *quarter* of its total — and at least 8 witnesses to address this issue. (*See* Ex. 1). According to descriptions in Yucaipa's Witness List, the evidence related to this issue will touch on at least the following topics:

- "Allied Board's negotiations with Yucaipa regarding the Fourth Amendment;"
- "the need for Allied to avoid bankruptcy between 2008 and through 2009;"
- "Toyota's concerns regarding the potential for one of its car-hauling partners to enter into bankruptcy;"
- "Toyota's concern that Comvest Investment Partners III, L.P. … would place Allied into bankruptcy;"
- "Toyota's view that Yucaipa's purchase of Allied's first lien debt was good news;"
- "the imminent threats of liquidation by First Lien lenders going back to 2008;"

3

- "the early considerations in December 2008 by the Allied Board of a loan purchase by Yucaipa;"

- "the formation of the Special Committee and its independence from Yucaipa;"

- "Troutman Sanders' independence from Yucaipa;"

- "Troutman Sanders' advice and opinions as to [the Fourth Amendment];"

- "Comvest's strategy to take Allied into bankruptcy and Yucaipa's alternative strategy to avoid bankruptcy;" and

- "the benefits to Allied arising from entry into the Fourth Amendment to the FLCA."[5]

For the reasons discussed below, evidence related to these topics is irrelevant and inadmissible as it relates to the factual issues remaining to be tried, and we respectfully request that the Court exclude it.

## ARGUMENT

Motions in limine are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990); *see also Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (purpose of a motion in limine is to bar "irrelevant, inadmissible, and prejudicial issues from being introduced at trial, thus narrow[ing] the evidentiary issues for trial"). "By their nature, these motions help streamline the trial." *Johns Hopkins Univ. v. Alcon Lab'ys Inc.*, 2018 WL 4178159, at *1 (D. Del. Aug. 30, 2018). Further, "[t]rial judges are afforded wide discretion in making rulings on the admissibility of evidence." *Quinn v. Consol. Freightways Corp. of Del.*, 283 F.3d 572, 576 (3d Cir. 2002).

---

[5] *See* Ex. 1.

**I.    YUCAIPA'S LACK OF GOOD FAITH WHEN CAUSING ALLIED TO ENTER INTO THE FOURTH AMENDMENT IS THE LAW OF THE CASE**

"In the interests of finality and judicial economy, the law of the case doctrine precludes relitigation of issues in which parties have already had a full and fair opportunity to litigate." *In re Vaso Active Pharms., Inc.*, 500 B.R. 384, 399 (Bankr. D. Del. 2013) (citing *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002)), *aff'd*, 537 B.R. 182 (D. Del. 2015). As such, an issue "actually litigated and decided by the court … should continue to govern the same issues in subsequent stages in the same case" absent "extraordinary circumstances, such as situations in which new evidence is available, a supervening law has been announced, or an earlier decision was clearly erroneous and would create manifest injustice." *Id*.

Yucaipa's intent in causing Allied to enter into the Fourth Amendment has been actively litigated and conclusively decided in this case. In moving for summary judgment on the equitable subordination claim, the Trustee pointed to Yucaipa's actions in entering into the Fourth Amendment as an example of its inequitable conduct.[6] Yucaipa responded by attempting to create a genuine issue over whether the Fourth Amendment was beneficial to Allied.[7] The Court granted summary judgment to the Trustee on this issue, holding as a matter of *law* that "Yucaipa acted in bad faith in purchasing first lien debt under an invalid Fourth Amendment and assuming Requisite Lender status thereunder." (Opinion at 108). In so ruling, the Court relied on determinations by the New York courts and Third Circuit of Yucaipa's bad faith in connection with entry of the Fourth Amendment. (Opinion at 65).

This ruling is now the law of the case and there are no "extraordinary circumstances" justifying relitigating this settled issue. *See, e.g.*, *In re HH Liquidation, LLC*, 590 B.R. 211, 270

---

[6]    13-50530, D.I. 706; 14-50971, D.I. 463 at 24.
[7]    13-50530, D.I. 766; 14-50971, D.I. 510 at 14-20.

5

(Bankr. D. Del. 2018) (court's prior determination that assumption of leases was in the best interest of the debtors is the law of the case that precludes argument that debtors did not receive reasonably equivalent value for doing so); *In re AmeriServe Food Distrib., Inc.*, 315 B.R. 24, 28 (Bankr. D. Del. 2004) (ruling on summary judgment that alleged fraudulent transfers were not made in the ordinary course of business precluded relitigation of issue). The parties moved for summary judgment at the conclusion of all discovery and, thus, there can be no "new evidence" warranting a different outcome. There is also no change in the law. Yucaipa has exhausted all appeals of the rulings by the New York courts and the Third Circuit relied on in the Opinion. Finally, there is nothing erroneous about Court's reasoned application of Third Circuit precedent.

Yucaipa should be precluded from offering evidence of its intent in entering into the Fourth Amendment because there is no evidence that Yucaipa could possibly present at trial that could change the Court's ruling. "Because the finding relates to a legal determination—not a [factfinder]'s resolution of competing facts—no facts could alter the outcome." *Alcoa, Inc. v. Alcan Rolled Prods.-Ravenswood LLC*, 2020 WL 1180713, at *3 (D. Del. Mar. 11, 2020) (relitigation of finding made by the Court on cross-motions for summary judgment was on a "question of law and does not present an issue for resolution by the jury"). In the interests of finality and judicial economy, Yucaipa should be precluded from introducing any such evidence.

II. **EVIDENCE OF YUCAIPA'S INTENT IN CAUSING ALLIED TO ENTER INTO THE FOURTH AMENDMENT IS IRRELEVANT AND A WASTE OF JUDICIAL RESOURCES**

As a separate matter, evidence of Yucaipa's intent in causing Allied to enter into the Fourth Amendment is irrelevant or, if *at all* relevant, of such marginal relevance to the factual issues that remain to be tried that its probative value is greatly outweighed by the time it would take to present and refute evidence on this issue. *See* FED. R. EVID 402, 403.

As discussed above, the Opinion was clear that the factual issues that remain to be tried

relate to Yucaipa's conduct masquerading as Requisite Lender, including its "conduct in the JCT Negotiations" and whether it "caused Allied to commit events of default under the FLCA." (Opinion at 109). While the existence of the void Fourth Amendment is unescapable, its relevance at trial is simply that it was the vehicle Yucaipa used to accomplish its later fiduciary breaches culminating in Yucaipa's self-serving conduct in the JCT Negotiations, which resulted in significant damages to the Estate and its stakeholders. Allowing Yucaipa to present evidence of its intent in causing Allied to enter into the Fourth Amendment will create a time-consuming mini-trial that is far afield from the one that the Court indicated remains to be presented. The Court should prohibit this sideshow. *See, e.g.*, *AVM Techs., LLC v. Intel Corp.*, at *3 (D. Del. May 1, 2017) (excluding evidence whose "introduction would just invite a sideshow" on irrelevant issue).

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court preclude Yucaipa from arguing at trial, or from introducing evidence relating to, good faith in connection with Allied entering into the Fourth Amendment.

Dated: January 11, 2022

       **FOX ROTHSCHILD LLP**

By:      */s/ Seth A. Niederman*
       Seth A. Niederman (DE Bar No. 4588)
       Citizens Bank Center
       919 N. Market Street, Suite 300
       Wilmington, DE 19801
       Tel.: (302) 654-7444
       Fax: (302) 656-8920
       sniederman@foxrothschild.com

       -and-

**JOSEPH HAGE AARONSON LLC**

       Gregory P. Joseph
       Gila S. Singer
       485 Lexington Avenue, 30th Floor
       New York, NY 10017
       Telephone: (212) 407-1200
       gjoseph@jhany.com

       -and-

**ZAIGER LLC**

       Jeffrey H. Zaiger
       Judd A. Lindenfeld
       2187 Atlantic Street, 9th Floor
       Stamford, CT 06902
       Telephone: (917) 572-7701
       jzaiger@zaigerllc.com

       -and-

**COHEN AND GRESSER LLP**

       Douglas J. Pepe
       800 Third Avenue
       New York, NY 10022
       Telephone: (212) 957-7605
       dpepe@cohengresser.com

*Counsel for the Litigation Trustee and Plan Administrator*