**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS,<br><br>Plaintiff,<br><br>BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>Intervenors,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>Defendants. | Adv. Proc. No. 13-50530 |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,<br><br>Plaintiff,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>Defendants. | Adv. Pro. No. 14-50971 (CSS) |

**LITIGATION TRUSTEE'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION *IN LIMINE* AND FOR AN ORDER CLARIFYING SCOPE OF TRIAL**

## PRELIMINARY STATEMENT

The question presented by this motion is whether Yucaipa is entitled to relitigate at trial an issue it lost on summary judgment—the issue of Yucaipa's purported good faith. Your Honor definitively ruled on summary judgment that:

> The Trustee has met her burden and produced admissible, undisputed evidence proving that (i) Yucaipa acted in bad faith in purchasing first lien debt under an invalid Fourth Amendment and assuming Requisite Lender status thereunder … .[1]

Nonetheless, Yucaipa seeks to introduce approximately 60 exhibits and testimony from 8 witnesses on this subject. The Trustee will be compelled to present contrary evidence. All of this would be a waste of time. Yucaipa's bad faith has already been adjudicated.

Yucaipa argues in its Opposition that *if* the Trustee is permitted to question Yucaipa's good faith in connection with entering the Fourth Amendment at trial, *then* it must be permitted to present evidence on this issue as well. (*See* 13-50530, D.I. 918; 14-50971, D.I. 653 ("**Opp. Br.**") ¶26). The Trustee has no intention of relitigating at trial Yucaipa's bad faith in connection with entering the Fourth Amendment. There is no need for the Trustee to do so because the issue has already been decided.

Yucaipa is in substance seeking reconsideration of this Court's summary judgment ruling, and it does not demonstrate any "extraordinary circumstances" justifying reconsideration. Yucaipa strains to manufacture a purported factual overlap between the issues to be tried and the issues on appeal to argue that the Court should reconsider whether it has been divested of

---

1 *See* 5/4/21 Opinion at 108. The Court repeatedly ruled that Yucaipa had not acted in good faith. *See also, e.g.*, *id.* at 102 ("By subverting the bargained-for rights of the Lenders, Yucaipa advantaged itself while simultaneously causing the Lenders to suffer particularized harm. Yucaipa argues that but for the Fourth Amendment and the ComVest transaction, Allied would have been forced into bankruptcy liquidation. There is no evidence in support of this argument. There is no credible dispute that these amendments were not made in good faith.")

jurisdiction over the Remaining Claims. (Opp. Br. ¶¶1, 28). This is factually baseless and procedurally improper. There is no factual overlap because Yucaipa's bad faith in entering into the Fourth Amendment has been decided and is not at issue in the forthcoming trial.

Your Honor has been clear: "The factual issues remaining to be tried concern Yucaipa's conduct when masquerading as Requisite Lender, including its 'conduct in the JCT Negotiations' and whether it 'caused Allied to commit events of default under the FLCA.'" (Stay Order ¶10).[2] Notwithstanding the Court's clear articulation of what remains to be tried and the Trustee's consistent representations that she is not relitigating Yucaipa's bad faith in entering the Fourth Amendment, Yucaipa insists on presenting hours and hours of testimony, and dozens of exhibits, on this already-decided issue. Given the case posture, the evidence Yucaipa is seeking to introduce on its supposed good faith is irrelevant and will needlessly interject undue delay. The Trustee respectfully requests that the Court grant the Motion.

## ARGUMENT

### I. THE LAW OF THE CASE DOCTRINE APPLIES

Yucaipa's arguments against the application of the well-settled doctrine of law of the case each fail.

**The Issue Was Actively Litigated.** Yucaipa argues that it did not have a "full and fair opportunity" to litigate its good faith in entering into the Fourth Amendment and that the Court decided this issue "solely by reference to the Third Circuit's decision." (Opp. Br. ¶¶18, 20, 25). This is not correct. Responding to the Trustee's argument that Yucaipa's conduct in entering into the Fourth Amendment was inequitable as a matter of law, Yucaipa submitted voluminous evidence in an effort to support an argument that, but for the Fourth Amendment, Allied would

---

[2] 13-50530, D.I. 907; 14-50971, D.I. 642.

"have been forced to close down and liquidate."[3] The Court addressed the record provided and concluded that there was no genuine disputed fact:

> Yucaipa argues that but for the Fourth Amendment and ComVest Transaction, Allied would have been forced into bankruptcy liquidation. There is no evidence in support of this argument. There is no credible dispute that these amendments were not made in good faith.[4]

**The Issue Was Decided as a Matter of Law.** Yucaipa challenges the Court's decision that it lacked good faith in connection with the entry into the Fourth Amendment on the grounds that it was not decided as "a rule or law" and that it was not decided "in a procedurally appropriate forum." (Opp. Br. ¶24). These arguments are meritless. The Court applied the law to the undisputed evidence that the parties submitted on summary judgment and made its decision as to Yucaipa's bad faith as a matter of law. Your Honor has held (on multiple occasions now) that "the Court's Opinion made determinations as a matter of law." (*See, e.g.*, Stay Order ¶17. *See also* 7/6/21 Hearing at 31:21-32:11 ("[T]here was no fact finding" in the Opinion and "[e]very fact that is the underpinning of the judgment was undisputed.")). Yucaipa also fails to support why it was procedurally inappropriate for the Court to make a legal determination on the Trustee's equitable subordination claims when Yucaipa concedes that the equitable subordination claims are core claims that the Court has the authority to adjudicate.[5]

---

[3] 13-50530, D.I. 766; 14-50971, D.I. 510 at 18-19 (citing, *inter alia*, (i) testimony from Ron Burkle, Derex Walker, Brian Cullen, and Black Diamond's 30(b)(6) witness; (ii) the expert report of J. Scott Victor (former defendant Mark Gendregske's proffered expert); (iii) contemporaneous emails and documents; and (iv) incorporating material submitted on its "own motion for summary judgment" ("Entities' Mot. at 15-16; Individuals' Mot. at 14") including, among other things, Board resolutions and minutes, correspondence to and from Toyota executives, testimony from Mark Gendregske and Scott Macaulay, and Declarations from Burkle, Tochner, and Walker). *See also generally*, *id*. at 17-20.

[4] Opinion at 102.

[5] 13-50530, D.I. 890; 14-50971 D.I. 625 at 4 n.7 ("The Remaining Claims over which the Bankruptcy Court does have core jurisdiction are for equitable subordination and recovery of preferential transfers.")

Separately, Yucaipa claims that the Third Circuit's decision has no relevance to the issue of Yucaipa's bad faith because "the Third Circuit was never asked to determine whether Yucaipa acted in good faith in connection with the entry into the Fourth Amendment, and it never made any such ruling." (Opp. Br. ¶18). "But wishing does not make it so."[6] In fact, the Third Circuit held that "[i]t would be inequitable to allow Yucaipa to achieve an end run around the substance of the Eligible Assignee restrictions in the Credit Agreement and undercut what Yucaipa certainly knew the restrictions [in the agreement] were designed to prevent." *In re ASHINC Corp.*, 683 F. App'x 131, 140 (3d Cir. 2017). Seeking an inequitable and impermissible end run around the FLCA is per se bad faith,[7] and this Court logically concluded that Yucaipa's actions in this regard constituted bad faith as a matter of law.

**There Are No Grounds for Reconsideration.** Yucaipa urges the Court to "exercise its discretion" to allow it to present evidence related to its good faith (Opp. Br. ¶26), but makes no attempt to demonstrate the "extraordinary circumstances" necessary to justify this relief. *Walker v. Coffey*, 956 F.3d 163, 170 (3d Cir. 2020) (reconsideration justified "under 'extraordinary circumstances,' such as if new evidence becomes available, a supervening law has been introduced, or the prior decision was 'clearly erroneous and would create manifest injustice.'"). There are no such circumstances. There is no new evidence warranting a different conclusion than the one the Court reached in the Opinion; there is no change in the law; and there is nothing erroneous about the Court's reasoned application of Third Circuit and New York precedent to undisputed facts. As such, there is no reason for the Court to reconsider a carefully reasoned

---

6 *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011).

7 *See, e.g.*, *In re LightSquared Inc.*, 511 B.R. 253, 333 (Bankr. S.D.N.Y. 2014) (applying New York law; ruling on summary judgment that an end-run around the Eligible Assignee provisions of the Credit Agreement breached the implied covenant of good faith and fair dealing) (cited at Opinion 65).

decision that will not change on reargument. *See Alcoa, Inc. v. Alcan Rolled Prods.-Ravenswood LLC*, 2020 WL 1180713, at *3 (D. Del. Mar. 11, 2020) ("Because the finding relates to a legal determination—not a [factfinder]'s resolution of competing facts—no facts could alter the outcome.").

## II. EVIDENCE OF GOOD FAITH IS IRRELEVANT AND A WASTE OF JUDICIAL RESOURCES

For the reasons discussed above, the Trustee does not intend to present evidence at trial relating to Yucaipa's bad faith in entering into the Fourth Amendment with respect to the Remaining Claims. Evidence of Yucaipa's supposed good faith in entering into the Fourth Amendment is therefore irrelevant and a waste of time. Its purported probative value is greatly outweighed by the time that would be consumed presenting it and evidence refuting it. *See* FED R. EVID. 402, 403.

Yucaipa argues that "unfair prejudice" should not be a concern in a bench trial. (*See* Opp. Br. ¶10). That is not the issue. Waste of time is the issue. Rule 403 specifically authorizes the Court to exclude even relevant evidence "if its probative value is substantially outweighed by a danger of ... wasting time." FED R. EVID. 403. Allowing Yucaipa to present irrelevant evidence of its good faith in entering into the Fourth Amendment—approximately 60 exhibits and testimony from 8 witnesses (which will then necessitate the Trustee's responsive evidence)—is precisely the kind of waste of time that Rule 403 is designed to prevent.

**Yucaipa's Good Faith Defense Is Foreclosed as a Matter of Law.** Instead of addressing the time-consuming nature of the evidence that it seeks to present, Yucaipa points to the Court's statement in the Stay Order that "nothing will limit … the defenses that Yucaipa will be permitted to argue at trial." (Opp. Br. ¶16). That is not an invitation to litigate previously-decided issues. The Court was making the uncontroversial point that the parties are

permitted to make arguments on issues that have not been decided as a matter of law.[8] Yucaipa's bad faith in entering into the Fourth Amendment has been decided as a matter of law and is not within the scope of trial outlined by Your Honor.

**The Trustee's Position Has Remained Consistent.** In the Stay Order, the Court rejected Yucaipa's argument that the divestiture doctrine applies because "[a]ny legal determinations made on appeal by the District Court will have no impact on the factual issues this Court will need to resolve at trial." (Stay Order ¶16). Yucaipa asks the Court to reconsider this holding by arguing that the Trustee has somehow changed her position on the scope of the trial. (Opp. Br. ¶¶11-15). This is untrue. The Trustee has consistently maintained that Yucaipa's bad faith in entering into the Fourth Amendment is not at issue in this trial. (Mot. (13-50530, D.I. 912; 14-50971, D.I. 647) at 2). The Trustee is not relitigating issues she already won. Rather, she intends to prove at trial that post-Fourth Amendment, Yucaipa used the impermissible amendment to self-serving ends in contravention of fiduciary duties it indisputably owed Allied and its stakeholders.

## CONCLUSION

For the foregoing reasons, the Motion should be granted.

---

[8] Yucaipa omits the the first part of Your Honor's sentence: "As noted and previously held by this Court, the Court's Opinion made determinations as a matter of law, and nothing will limit the facts the Trustee must prove or the defenses that Yucaipa will be permitted to argue at trial." (Stay Order ¶17).

Dated: January 31, 2022

**FOX ROTHSCHILD LLP**

By: *__/s/ Seth A. Niederman__*
Seth A. Niederman (DE Bar No. 4588)
Citizens Bank Center
919 N. Market Street, Suite 300
Wilmington, DE 19801
Tel.: (302) 654-7444
Fax: (302) 656-8920
sniederman@foxrothschild.com

-and-

**JOSEPH HAGE AARONSON LLC**

Gregory P. Joseph
Gila S. Singer
485 Lexington Avenue, 30th Floor
New York, NY 10017
Telephone: (212) 407-1200
gjoseph@jhany.com

-and-

**ZAIGER LLC**

Jeffrey H. Zaiger
Judd A. Lindenfeld
2187 Atlantic Street, 9th Floor
Stamford, CT 06902
Telephone: (917) 572-7701
jzaiger@zaigerllc.com

-and-

**COHEN AND GRESSER LLP**

Douglas J. Pepe
800 Third Avenue
New York, NY 10022
Telephone: (212) 957-7605
dpepe@cohengresser.com

*Counsel for the Litigation Trustee and Plan Administrator*