

PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

WILMINGTON, DE
LOS ANGELES, CA
SAN FRANCISCO, CA
NEW YORK, NY
COSTA MESA, CA

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400


LOS ANGELES

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760


SAN FRANCISCO

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010


NEW YORK

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777


COSTA MESA

650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

**TELEPHONE: 714/384 4750**

FACSIMILE: 714/384 4751


WEB: www.pszjlaw.com

Laura Davis Jones

February 23, 2022

ljones@pszjlaw.com
302.778.6401

## VIA CM/ECF AND E-MAIL

The Honorable Christopher S. Sontchi
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

**Re:** *In re: ASHINC Corporation, et al.*, **Case No. 12-11564 (CSS)** *Youngman. v. Yucaipa American Alliance Fund I, L.P., et al.*, **Adv. Proc. No. 13-50530 (CSS) and** *Youngman. v. Yucaipa American Alliance Fund I, L.P., et al.*, **Adv. Proc. No. 14-50971 (CSS)**

Dear Judge Sontchi:

In her opposition to the Motion to stay, as well as in her Motion *in Limine* to Exclude Evidence that the Fourth Amendment was Entered Into in Good Faith and for an Order Clarifying the Scope of Trial (the "Motion"), and various meet and confer exchanges preceding the Motion, counsel for the Plaintiff has represented that the issue of whether Yucaipa breached a fiduciary duty by allegedly causing Allied to enter into the Fourth Amendment is not an issue at trial. Unfortunately, the Trustee's counsel later waivered on whether the sole alleged breach of fiduciary duty in this case concerns Yucaipa's conduct during the late 2011-2012 JCT negotiations (as the Trustee claimed in the above-mentioned pleadings) or whether entry into the Fourth Amendment is being alleged as another breach of fiduciary duty.

Counsel for Yucaipa has made efforts in subsequent meet-and-confer communications in the days before trial to clarify this issue one way or the other. Unfortunately, Plaintiff's counsel continues to refuse to clarify whether the Trustee intends to rely on the bad faith ruling as a constituent element of its fiduciary duty claims, ostensibly hoping to leave the matter open at trial without formally asking the Court to rule on it and without affording Yucaipa the opportunity to present defenses to such a claim (separate and apart

DOCS_DE:238435.1 96991/001



February 23, 2022
Page 2

from the defense of good faith). Yucaipa cannot be kept guessing what claims it is defending at trial, and the Court should require Plaintiff to take a firm position and enunciate it.

Separately, Yucaipa requests that, consistent with the Court's instructions during the Motion hearing, Yucaipa be permitted to play deposition designations that it considers critical to its defense of the claims in this case. Notwithstanding Plaintiff's refusal to be transparent about the issues it intends to litigate at trial, Yucaipa agreed to revise its deposition designations in light of the ruling on the Motion, marking as conditional* nearly all of the deposition testimony over which Plaintiff is concerned.

Plaintiff's counsel found this revision deficient, and thereafter demanded that Yucaipa agree to submit all video designations and objections thereto to the Court, and not have them played during trial. In an effort to reach a compromise that did not unfairly prejudice Yucaipa's ability to present its defense, Yucaipa agreed to this proposal with respect to the vast majority of its witnesses and conditional designations. Yucaipa, however, did not and cannot agree not to play the deposition testimony of 4 witnesses critical to its defense of the claims at trial.

Rather than accept any compromise, Plaintiff has asked the Court to grant its wishes and prevent Yucaipa from playing a little over 4 hours of video in a week-long trial. Such a procedure would rob Yucaipa of a fair opportunity to fully present its defense in a case where Plaintiff is seeking a judgment of over $200 million against Yucaipa.

Yucaipa requests that the Court enforce the compromise it has offered and allow the designations of the following witnesses to be played as part of the trial: Michael Riggs (Jack Cooper Transport ("JCT")); Theo Cuipitu (JCT); Derex Walker (Yucaipa/Allied); and Jeffery Schaffer (Spectrum). The testimony of each of these witnesses is central to the JCT negotiations, which Plaintiff has repeatedly asserted to be the only issue at trial.



February 23, 2022
Page 3

          Respectfully submitted,

          */s/ Laura Davis Jones*

          Laura Davis Jones

cc: Counsel to the Trustee (via email)
     Patricia L. Glaser, Esquire (via email)