IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ASHINC Corporation, et al. | : | Case No. 12-11564 (CSS) |
| | : | |
| Debtor. | : | (Jointly Administered) |
| | : | |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, *ET AL.*, AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS | : : : : : : : : | |
| | : | |
| Plaintiffs, | : : | Adv. Proc. No.: 13-50530 (CSS) |
| BDCM OPPORTUNITY FUND II, LP BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., | : : : : | |
| | : : | |
| Intervenors, | : | |
| v. | : : | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., | : : : | **Related Docket Nos. 931 and 940** |
| | : : | |
| Defendants. | : : | |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, *ET AL.*, TO BDCM OPPORTUNITY FUND II, LP., BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS L.P., BLACK | : : : : : : : | |

| | |
|---|---|
| DIAMOND COMMERICAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERICAL FINANCE LLC, as co-administrative agent | : <br> : <br> :     Adv. Pro. No. 14-50971 (CSS) <br> : <br> : <br> : |
|     Plaintiff | : |
| v. | :     **Related docket Nos. 666 and 676** |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., | : <br> : <br> : |
|     Defendants | : |

# ORDER

Upon consideration of the Defendants' Motion to Exclude the Reports and Testimony of Jonathan R. Macey (Adv. Pro. 13-50530 Docket No. 931; Adv. Pro. 14-50971 Docket No. 666), filed on February 9, 2022 ("Macey Motion") and Defendant's Motion *In Limine* To Exclude Argument, Evidence, and testimony that the JCT Deal was Sufficiently Certain to Support an Award of Damages and Request for Judicial Notice (Adv. Pro. 13-50530 Docket No. 940; Adv. Pro. 14-50971 Docket No. 676), filed on February 15, 2022 ("JCT Motion" together with Macey Motion, the "Motions");[1] the Court having reviewed the Motions, the responses thereto and the declarations submitted by the parties;[2] and the Court finding that

---

[1] Although the Motions and associated briefing were filed in both adversary actions, the Court will reference *only* docket numbers in Adv. Pro. 13-50530, unless otherwise indicated.

[2] **Macey Motion:** (i) Defendant's Motion to Exclude the Reports and Testimony of Jonathan R. Macey (Adv. D.I. 931); (ii) Memorandum of Law in Support of Defendants' Motion to Exclude the

2

(1) the Court has jurisdiction over these matters, pursuant to 28 U.S.C. § 1334; (2) this is a core proceeding, pursuant to 28 U.S.C. § 157(b); (3) this Court has the judicial power to enter a final order; and (4) notice of the Motions was adequate under the circumstances;

IT IS HEREBY ORDERED THAT

1. The Macey Motion is **DENIED** without prejudice. The Court will consider Mr. Macey's testimony in full and in the context of the entire case, and after trial, the Court, upon renewed motion of the Defendant, may decide whether Mr. Macey's testimony is impermissible.

2. The JCT Motion is **DENIED** for the reasons set forth in the Plaintiff's Opposition.

---

Reports and Testimony of Jonathan R. Macey (Adv. D.I. 931); (iii) the Declaration of Laura Davis Jones in Support of Defendants' motion to Exclude the Testimony of Jonathan R. Macey (Adv. D.I. 933); and (iv) Litigation Trustee's Opposition to Yucaipa's Motion to Exclude the Reports and Testimony of Jonathan R. Macey (Adv. D.I. 948). **JCT Motion:** (i) Motion in Limine to Exclude Argument, Evidence, and Testimony that the JCT Deal was Sufficiently Certain to Support an Award of Damages, and Request for Judicial Notice (Adv. D.I. 940); (ii) Memorandum of Law in Support of Motion in Limine to Exclude Argument, Evidence, and Testimony that the JCT Deal was Sufficiently Certain to Support an Award of Damages, and Request for Judicial Notice (Adv. D.I. 941); (iii) Declaration of Laura Davis Jones in Support of Motion in Limine to Exclude Argument, Evidence, and Testimony that the JCT Deal was Sufficiently Certain to Support an Award of Damages, and Request for Judicial Notice (Adv. D.I. 942); (iv) Litigation Trustee's Opposition to Yucaipa's Motion in Limine to Exclude Argument, Evidence, and Testimony that the JCT Deal was Sufficiently Certain to Support an Award of Damages, and Request for Judicial Notice (Adv. D.I. 953) (the "Plaintiff's Opposition"); and (v) Declaration of Gila S. Singer in Support of Litigation Trustee's Opposition to Yucaipa's Motion in Limine to Exclude Argument, Evidence, and Testimony that the JCT Deal was Sufficiently Certain to Support an Award of Damages, and Request for Judicial Notice (Adv. D.I. 954).

3. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

_____
Christopher S. Sontchi
United States Bankruptcy Judge

Date: February 25, 2022