# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC Corporation, *et al.*[1], | Case No. 12-11564 (MFW) |
| Debtors. | (Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS, | Adv. Proc. No. 13-50530 (MFW) |
| Plaintiff, | |
| BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P., | |
| Intervenors, | |
| v. | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., MARK GENDREGSKE, JOS OPDEWEEGH, JAMES FRANK, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK, | |
| Defendants. | |

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58- 0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90-0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45-5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (38-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38-2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582).

135332883.1

| | |
|---|---|
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent, | Adv. Pro. No. 14-50971 (MFW) |
| Plaintiff, | |
| v. | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., YUCAIPA AMERICAN ALLIANCE FUND II, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND II, L.P., RONALD BURKLE, JOS OPDEWEEGH, DEREX WALKER, JEFF PELLETIER, IRA TOCHNER, and JOSEPH TOMCZAK, | |
| Defendants. | |

## NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS
## DIRECTED TO YUCAIPA AMERICAN FUNDS, LLC

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, as made applicable by Federal Rule of Bankruptcy 7030 and 9016, notice is hereby given that Catherine E. Youngman, as the Litigation Trustee for ASHINC Corporation and related debtors, by and through the undersigned counsel, requests that Yucaipa American Funds, LLC produce the documents described in Exhibit A of the Subpoena attached hereto by 10:00 a.m. E.T. on July 22, 2022, at the location specified on the subpoena.

2

Dated:  June 23, 2022

**FOX ROTHSCHILD LLP**

By:  */s/ Seth A. Niederman*
Seth A. Niederman (DE No. 4588)
919 North Market Street, Suite 300
Wilmington, DE  19899-2323
Telephone:  (302) 654-7444
Facsimile:  (302) 656-8920
sniederman@foxrothschild.com

-and-

**JOSEPH HAGE AARONSON LLC**
Gregory P. Joseph
Gila S. Singer
485 Lexington Avenue, 30th Floor
New York, NY 10017
Telephone: (212) 407-1200
gjoseph@jhany.com

-and-

**ZAIGER LLC**
Jeffrey H. Zaiger
Judd A. Lindenfeld
2187 Atlantic Street, 9th Floor
Stamford, CT 06902
Telephone: (917) 572-7701
jzaiger@zaigerllc.com

-and-

**COHEN & GRESSER LLP**
Douglas J. Pepe
800 Third Avenue
New York, NY 10022
Telephone: (212) 957-7605
dpepe@cohengresser.com

*Counsel for the Litigation Trustee
and Plan Administrator*

3

# UNITED STATES BANKRUPTCY COURT

District of DELAWARE

In re ASHINC CORPORATION, et al.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE
_____
Plaintiff

v.

YUCAIPA AMERICAN ALLIANCE FUND I, LLP, et al.
_____
Defendant

Case No. 12-11564

Chapter 11

Adv. Proc. No. 13-50530 and 14-50971

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Yucaipa American Funds, LLC c/o Pachulski, Stang, Ziehl & Jones LLP
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: documents requested in the attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Fox Rothschild LLP, 919 N. Market Street, Suite 300 Wilmington, DE 19801-3062 Attn: Seth A. Niederman | July 22, 2022 at 10:00 a.m. (EST) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 23, 2022

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

/s/ Seth A. Niederman (DE Bar No. 4588)
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE , who issues or requests this subpoena, are:

Seth A. Niederman, Fox Rothschild LLP, 919 N. Market Street, Suite 30, Wilmington, DE 19801-3062, 302-654-7444, sniederman@foxrothschild.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: Yucaipa American Funds, LLC

on *(date)* June 23, 2022

[x] I served the subpoena by delivering a copy to the named person as follows: Yucaipa American Funds, LLC
c/o Pachulski, Stang, Ziehl & Jones LLP,   Attn:  Laura Davis Jones, 919 Market Street 17th Fl., Wilmington, DE 19899-8705

_____ on *(date)* June 23, 2022 ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: June 23, 2022

/s/ Marcia L. Steen
_____
*Server's signature*

Marcia L. Steen, Paralegal
_____
*Printed name and title*

Fox Rothschild LLP, 1980 Festival Plaza Dr., Las Vegas NV 89135
_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Instructions

1.      Documents are to be produced in full and complete form, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

2.      Bates numbers shall appear on each page of every document, or in other reasonable manner for electronic documents produced in native format sufficient to identify the document by Bates number.

3.      Electronically stored information ("**ESI**") should be produced in electronic format with all metadata preserved, or in such other format as counsel may agree.  Native versions of produced documents should be maintained when an image format is not sufficient to provide an accurate representation of the document and should be provided upon request.

4.      ESI and e-mails produced pursuant to the Document Requests shall be produced in a searchable format with an accompanying index that states the following metadata: (1) date created/sent; (2) author; (3) recipients; (4) cc – copies; (5) bcc – blind copies; and (6) subject.

5.      Unless an agreement is otherwise reached, all ESI and "E-discovery" shall be produced in accordance with DEL. BANKR. L.R. 7026-3.

6.      Each Document Request extends to all documents in Your possession, custody or control or anyone acting on Your behalf.

7.      For avoidance of doubt, these Document Requests do not require You to re-produce any documents previously produced to the Trustee on account of the Order granting the Trustee's Rule 2004 Motion in the Bankruptcy (12-11564, D.I. 4184).

8.      The documents to be produced pursuant to these Document Requests shall be

subject to the terms of the Agreed Protective Order in Adv. Proc. No. 13-50530 (D.I. 86) and the Supplemental Protective Order (Adv. Proc. No. 13-50530) (D.I. 251); provided, however, that (1) the Trustee may use any material designated "Confidential" or "Professionals Only" to further efforts to collect the Judgment, including in any plenary action, and not solely and exclusively in connection with preparation and trial of the Adversary Proceedings or for use in the Bankruptcy, and (2) material designated "Confidential" or "Professionals Only" pursuant to this Order does not need to be destroyed or returned following final conclusion of the Adversary Proceedings, but rather shall be returned or destroyed within 30 calendar days following final conclusion of the Bankruptcy.

9.      Any response to the Document Requests shall set forth the Document Request in full before each response.  Separate responses shall be provided to each Document Request.  If, after a good faith search, you conclude that there have never been documents responsive to a particular Document Request, so state.

10.      Any reference to a person or corporation in the Document Requests includes agents, employees, officers, attorneys, or anyone acting on behalf of that person or corporation.

11.      The Document Requests are continuing in nature, and You are required to provide such additional information as You, Your attorneys, or anyone acting on Your behalf or in concert with You may have or may obtain at any time between the time responses are provided and collection of the Judgment in full.

12.      The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Document Requests any matters which might otherwise be construed to be outside their scope.

13.      The terms "any," "all," and "each" shall each be construed as encompassing any

and all.

14.     In construing any Document Request, instruction, or definition, the singular form of a word shall include the plural and the plural form of a word shall include the singular.

15.     The term "including" shall not be construed to limit the scope of any Document Request, instruction, or definition.

16.     Unless otherwise specified, the relevant time period for these Document Requests is the period commencing June 1, 2015, through present.

17.     If You object to any portion or aspect of a Document Request, respond to the remainder.

18.     If any Document Request called for is withheld in whole or in part because you claim that it is privileged, constitutes attorney work product, or is otherwise exempt from discovery, set forth the grounds for withholding such document, its present location/custodian, and additional information sufficient to identify the document and your reasons for withholding, including, but not limited to: the type of document, its date, author(s), recipient(s), general subject matter, the type of privilege asserted or reason for withholding, and the basis for asserting the privilege.

19.     If any document requested has been lost, discarded or destroyed, identify such documents as completely as possible, including: (i) the type of document; (ii) the date of the document; (iii) the date the document was lost, discarded or destroyed; (iv) the circumstances and manner in which it was lost, discarded, or destroyed; (v) the reason(s) for disposing of the document (if discarded or destroyed); (vi) the identity of all persons authorizing or having knowledge of the circumstances surrounding disposal of the document; (vii) the identity of person(s) who lost, discarded, or destroyed the document; and, (viii) the identity of all personal

having knowledge of the contents thereof.

## DEFINITIONS

1.  **"Transfers"** means any value transferred, sold, exchanged, dispossessed, disposed of, or otherwise relinquished in any way, including but not limited to any cash, funds, instruments, securities, property, ownership, interests, or any other thing of value of any kind or nature.

2.  **"You"** and **"Your"** means Ronald W. Burkle.

3.  **"Trustee's First Request"** means the Trustee's First Set of Interrogatories and Document Requests to Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. Pursuant to Rules 2004 and 7069 of the Federal Rules of Bankruptcy Procedure.

4.  **"Trustee's Second Request"** means the Trustee's First Set of Interrogatories and Document Requests to Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. Pursuant to Rules 2004 and 7069 of the Federal Rules of Bankruptcy Procedure.

5.  **"Yucaipa Entities"** means Yucaipa American Alliance Fund I, L.P., Yucaipa American Alliance (Parallel) Fund I, L.P., Yucaipa American Alliance Fund I, LLC, Yucaipa American Management, LLC, Yucaipa Alliance Management, LLC, and Yucaipa American Funds, LLC.

## REQUESTS FOR PRODUCTION

1.  Documents concerning any Transfers You received, directly or indirectly, from any of the Yucaipa Entities from June 1, 2015, to present. Excluded from the information requested by this Interrogatory are any Documents produced in response to the Trustee's First

Request or the Trustee's Second Request.

2.     Documents concerning any Transfer by You of the proceeds of any Transfer You received, directly or indirectly, from any of the Yucaipa Entities from June 1, 2015, to present. Excluded from the information requested by this Interrogatory are any Documents produced in response to the Trustee's First Request or the Trustee's Second Request.

4856-9627-8566, v. 1